198 So. 706
**FORSYTH v. CENTRAL FOUNDRY CO.**
**7 Div. 639.**

Supreme Court of Alabama.

Nov. 22, 1940.

278

Rutherford Lapsley, of Anniston, for appellant.

Knox, Liles, Jones & Blackmon, of Anniston, for appellee.

280

**FOSTER, Justice.**

The question in this case is whether a state court of general jurisdiction may entertain an action under the "Fair Labor Standards Act of 1938," Act June 25, 1938, c. 676, 52 Stat. 1060 of U.S., Title 29, U.S. C.A. § 201 et seq.

Plaintiff bases his claim under sections 6, 7 and 16 of the Act, Code, sections 206, 207 and 216, which fix the minimum compensation to employees whose wages are controlled by it at not less that twenty-five cents an hour during the first year of its effective date—section 6 Act, and Code section 206—and fixes a maximum work week for the same period at forty-four hours, and provides for overtime compensation at a rate not less than one and one-half times the regular rate at which he is employed (of course, not less than twenty-five cents an hour), see, section 7, Act, Code section 207; and for a violation of sections 206 and 207, supra, which fix a liability to the affected employee in the amount due him so computed and "in an additional equal amount as liquidated damages," and authorize an action for such liability "in any court of competent jurisdiction," and for a reasonable attorney's fee and costs. See, section 16(b) Act, and section 216(b), Code.

To solve the question thus presented, there are other features of congressional legislation necessary to be considered. Section 256 Judicial Code, Title 28 U.S.C.A. § 371, provides for exclusive jurisdiction in the courts of the United States in "all suits for penalties and forfeitures incurred under the laws of the United States."

Section 16(a) of the Fair Labor Standards Act of 1938, supra, provides for a fine of not less than $10,000 or imprisonment for a willful violation. Section 17 of it authorizes United States courts to restrain violations of certain features of it.

The principle is well settled and thoroughly understood "that lawful rights of the citizen, whether arising from a legitimate exercise of state or national power, unless excepted by express constitutional limitation or by valid legislation to that effect, are concurrently subject to be enforced in the courts of the state or nation when such rights come within the general scope of the jurisdiction conferred upon such courts by the authority, state or nation, creating them." Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 598, 60 L.Ed. 961; Pennsylvania R. Co. v. Puritan Coal Co., 237 U.S. 121, 35 S.Ct. 484, 59 L.Ed. 867; Galveston, H. & San Antonio Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 47 L.Ed. 972; Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833; State of Missouri ex rel. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232; Raisler v. Oliver, 97 Ala. 710, 12 So. 238, 38 Am.St.Rep. 213; Middleton v. St. L. & S. F. R. Co., 228 Ala. 323 (5), 153 So. 256; Lindsey v. Standard Accident Ins. Co., 230 Ala. 633, 162 So. 267; 14 Am.Jur. 440, 441, sec. 247, note 17, et seq.; 21 C.J.S., Courts, § 526, p. 797, note 78, p. 798, note 4.

Congress cannot vest any portion of the judicial power of the United States except in courts ordained and established by itself. Martin v. Hunter, 1 Wheat. 304, 4 L.Ed. 97.

It may restrict to its own courts the power to enforce rights which it creates. It sometimes does this. Section 17 of the Fair Labor Standards Act, supra. It sometimes makes an explicit disavowal of an intention to do so as in the Federal Employers' Liability Act, Title 45 U.S.C.A. § 56, where it is provided that jurisdiction shall be concurrent in the courts of the United States, and those of the several states. As first enacted, it did not so provide. But on general principles it was held so to be interpreted, since there was no provision for exclusive jurisdiction in the United States courts. Mondou v. N. Y., N. H. and H. R. Co., 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44; McKnett v. St. L. & S. F. R. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227.

It sometimes makes no provision as to the jurisdiction of the court to enforce the act, as in the Carmack Amendment. Title 49, U.S.C.A. § 20(11). Therefore it was held that federal and state courts have concurrent jurisdiction. State of Missouri ex rel. v. Taylor, supra.

The National Banking Act, 12 U.S.C.A. § 94, provides that suits may be brought against national banks "in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases." This was held to be an express exception from other general provisions conferring exclusive jurisdiction on federal courts. First National Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282.

State courts have assumed jurisdiction to enforce rights under the Agriculture Adjustment Act, 7 U.S.C.A. § 601 et seq., National Industrial Recovery Act, 48 Stat. 195, the National Prohibition Act, 27 U.S.C.A. § 1 et seq., the postal laws and many others enumerated in 21 C.J.S., Courts, § 526, pp. 800, 801.

There being no difficulty in respect to the above principles, we come to the question of the meaning of section 16(b) of the Act now under consideration, or section 216(b) of Title 29 U.S.C.A., where it is provided that actions to recover the liability there provided may be maintained "in any court of competent jurisdiction." Without some other limitation on the power of state courts, the provision would certainly embrace them. The limitation is supposed to be in section 371 Title 28 U.S.C.A., Judicial Code, section 256, conferring exclusive jurisdiction on federal courts "of all suits for penalties and forfeitures incurred under the laws of the United States."

When an employee sues for the minimum amount for labor rendered, and for "an additional equal amount as liquidated damages," is he maintaining a suit for a penalty under the laws of the United States? Of course, to the extent that he is claiming the amount due him for services rendered, he is not suing for a penalty. If the court has jurisdiction of one item sued for, the state court has power to proceed. State of Missouri ex rel. v. Taylor, supra. A demurrer does not reach an item of damage claimed when others in the same count are not subject to the defect. Walls v. C. D. Smith & Co., 167 Ala. 138, 52 So. 320, 140 Am.St.Rep. 24.

We do not think that Congress meant to authorize a suit in any competent court for only a part of the liability, and confine the claim for liquidated damages, if it is such as so designated in the Act, to a federal court, under Title 28, section 371, supra. They either did so, or else intended to confine jurisdiction to a federal court. We inquire, why any reference was made to the court in which the right may be enforced, if the nature of the court is already fixed by law? And if Congress had intended expressly to confine it to federal courts, would not such plain language have been used, instead of the broad term of "any court of competent jurisdiction," when state courts have been universally held to be of competent jurisdiction unless it is taken away by Congress? True, in respect to the National Banking Act, instead of using such language, it was expressed to include state courts, county and municipal, when otherwise qualified. It seems to us that when it mentions "any court of competent jurisdiction," it meant any court authorized by the power that created it to entertain such nature of suits generally.

Again, is this claim for so called "liquidated damages" under the Act a penalty under section 371 of Title 28, supra?

In First National Bank v. Morgan, supra, the opinion was incidentally expressed that the right to recover twice the amount of interest taken in violation of the National Banking Act of Congress, which authorizes its recovery, is a penalty and would have to be brought in a federal court but for a feature of it which provides for suits in state courts "having jurisdiction in similar cases." This was held to be a modification of section 371, supra. But such modification was not in express terms.

The particular meaning to be given those terms (penalty or penal acts) depends upon the circumstances and what purpose was in view. Strictly and primarily, a penalty denotes a punishment imposed and enforced by the state for an offense against its laws. But commonly speaking, it includes any extraordinary liability to which the law subjects a wrongdoer in favor of the person injured, not limited to the damages suffered. Statutes sometimes give a private action for the recovery of a penalty, where a private right has been invaded; but, strictly speaking, such is not a penalty as known to common law. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; 21 R.C.L. 206, 207; 25 C.J. 1178, 1179.

It is sometimes said that a penalty is in effect a security for performance, while an amount to be paid as liquidated damages is a sum to be paid in lieu

282

of performance. See, 17 C.J. 933. In this Act Congress provides for what it calls "liquidated damages"—presumably it knew the distinction.

■ It may be that this right of recovery is no more in the nature of liquidated damages than the right to recover twice the amount of illegally paid interest to a national bank. It may also be that Congress cannot by declaration change the nature of a claim to one for liquidated damages when it is but a penalty. But when Congress does that very thing, though it is but a penalty, Congress manifests an unmistakable purpose to exclude it from the operation of a statute which applies to penalties and not to a claim for liquidated damages.

The purpose is as plain to exempt this claim from the operation of section 371, supra, as if Congress had so declared. For it did declare a status to exist, which if true had that effect.

So far as now being considered, it is wholly immaterial whether this claim is one for a penalty or for liquidated damages. If it is of the latter sort, it is not under section 371, supra. Congress has said it is of the latter sort, and therefore unmistakably says it is not under that feature of the law. Compare Cox v. Lykes Brothers, 237 N.Y. 376, 143 N.E. 226.

That interpretation is further emphasized when it is provided that the recovery may be had in *any* court of competent jurisdiction. So we have two declarations of Congress in this Act to make it clear that section 371, supra, does not apply: First, that the amount due to be paid is *liquidated damages* (not embraced in that section), and, second, that it may be recovered in *any* court of competent jurisdiction (meaning state or federal having jurisdiction of similar actions).

■ We recognize the fact that in taking this position, we are construing an Act of Congress. But when we pass on the law of a suit which affects the present rights of parties dependent upon an Act of Congress, we cannot wait until the Supreme Court of the United States has interpreted that Act. We must draw our own conclusions, subject to be set aside when that court acts to a different effect. The laws of the United States are as much a part of the law of Alabama as its own local laws. Blythe v. Hinckley, 180 U.S. 333, 21 S.Ct. 390, 45 L.Ed. 557. The state court of Alabama is a court of competent jurisdiction to hear and determine an action in such form and amount, and, therefore, it is competent in our opinion to hear and determine the instant action though based on a right conferred by the Fair Labor Standards Act of Congress of June 25, 1938.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.