Tapp *v.* Price-Bass Co.

(*Nashville*, December Term, 1940.)

Opinion filed February 1, 1941.

JAMES C. R. McCALL, JR., and JOHN T. McCALL, both of Nashville, for complainant.

CHARLES H. LIVENGOOD, JR., JETER S. RAY, and WILLIAM C. KERN, all of Nashville, and GERARD D. REILLY and IRVING J. LEVY, both of Washington, D. C., for Phillip B. Fleming, Adm'r of Wage and Hour Division, United States Department of Labor, *amicus curiae*.

CORNELIUS, McKINNEY & GILBERT and J. H. BALLEW, all of Nashville, for defendant.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

This is a suit brought under the provisions of the Fair Labor Standards Act of 1938, U. S. C. A., Title 29, section 201 et seq., to recover unpaid minimum wages, overtime compensation, together with an equal amount as liquidated damages and for allowance of attorney's fees.

Defendant demurred to the bill upon the ground that the suit was one to recover a penalty as provided by section 16(b) of the Fair Labor Standards Act, exclusive jurisdiction of which action is vested in the District Courts of the United States, and of which the Chancery

Court of Davidson County, Tennessee, is without jurisdiction.

The chancellor overruled the demurrer and allowed a discretionary appeal to this court.

The question presented for determination is whether the courts of appropriate jurisdiction of the several states have jurisdiction of action brought by or on behalf of employees against employers, and based upon sections 6, 7, and 16(b) of the Fair Labor Standards Act. Section 16(b) of the Act is as follows: "Any employer who violates the provisions of section [6] 206 or section [7] 207 of this [Act] chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Action to recover under section 16(b) may be maintained "in any court of competent jurisdiction." The section contains no language which can be properly construed as conferring exclusive jurisdiction upon the District Courts of the United States. The contention of defendant is that section 16(b) in providing for the recovery of "liquidated damages," in effect imposes a "penalty," which, it is insisted, may be enforced only in the District Courts of the United States. Title 28,

U. S. C. A., sec. 371, provides for exclusive jurisdiction in the courts of the United States, "of all suits for penalties and forfeitures incurred under the laws of the United States."

 We think it clear that the intention of the Congress, as ascertained from the Act, was to confer upon state courts of appropriate jurisdiction as well as federal courts, jurisdiction of suits brought under section 16(b) of the Act. The objectives of the Act as expressed in section 2 are highly remedial in character. What was the intention of the Congress in conferring jurisdiction upon "any court of competent jurisdiction" should be examined in the light of the benefits sought to be bestowed upon millions of employees, many of whom are far removed from the location of federal courts, and whose claims, in many instances, would be small in amount. It is a reasonable inference from the Act that the Congress intended to afford under section 16(b) speedy, convenient and inexpensive relief to employees seeking to enforce its provisions. To this end it was provided that action to recover the amount of unpaid minimum wages or unpaid overtime compensation, as the case might be, and an additional amount equal as liquidated damages, could be maintained in any court of competent jurisdiction. To construe the words "any court of competent jurisdiction" to refer to federal courts only, because of the presence of the words "as liquidated damages," would, in our opinion, violate the spirit and intention of the Act and effectuate a result, in many instances of hardship and inconvenience to the very persons made the beneficiaries of the Act. The practical construction of section 16(b) is, we think, to confer upon employees the option of selecting as their

forum *any* court of competent jurisdiction, state or federal. This seems to be the true import of the Act.

■ Appellant's contention that the double amount allowed to be recovered under section 16(b), though denominated ''liquidated damages,'' is, in fact, a penalty, and being a penalty, is enforceable only in the courts of the United States, is without merit, because whatever its technical nature, Congress by giving it the express status of ''liquidated damages'' manifested a purpose to exclude it from the operation of the statute (Title 28, U. S. C. A., sec. 371) which applies to suits for penalties.

The Congress having shown the intention, as we think, to exclude the recovery allowed by section 16(b) of the Act from the operation of section 371, Title 28, U. S. C. A., which applies to suits for penalties and forfeitures, there existed no legislation restricting to the federal courts jurisdiction of suits brought under section 16(b). In this situation the rights conferred by section 16(b) are concurrently subject to be enforced in the courts of the State or nation, when such rights come within the scope of the jurisdiction of such courts. In 14 Am. Jur., p. 441, it is stated, ''In regard to state courts the law is also said to be settled that courts of general jurisdiction therein have power to decide cases involving the rights of litigants under the constitution or statutes of the United States unless deprived of the right to do so by the terms of the Federal constitution or Acts of Congress.'' In *Missouri ex rel.* v. *Taylor,* 266 U. S., 200, 45 S. Ct., 47, 48, 69 L. Ed., 247, 42 A. L. R., 1232, a suit involving the liability of the initial carrier for a loss occurring through the negligence of a connecting carrier, under the Carmack Amendment, 34 Stat. at L., 584, 595, 49 U. S. C. A., sec. 20 (11, 12), the court said, *inter alia*: ''Congress created the right of action. It might have provided that the right

194

shall be enforceable only in a federal court. It might have provided that State courts shall have concurrent jurisdiction only of those cases which, by the applicable federal law, could, under the same circumstances, have been commenced in a federal court for the particular State. But Congress did neither of these things. It dealt solely with the substantive law. As it made no provision concerning the remedy, the federal and the State courts have concurrent jurisdiction. *Galveston, H. & S. A. R. Co.* v. *Wallace,* 223 U. S., 481, 490, 32 S. Ct., 205, 56 L. Ed., 516, 522. The federal right is enforceable in a State court whenever its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws.''

██ ██ Section 16(b) imposes no compulsion on an employee to sue for the recovery of the liquidated damages provided for therein. He may sue for the amount of his unpaid minimum wages, or his unpaid overtime, and stop there. In such situation could it be successfully maintained that jurisdiction was exclusively in the federal courts because of the provision for the allowance of liquidated damages, not sued for? We think not. The demurrer in this case is based upon the single ground that the court was without jurisdiction because the suit is one to recover a penalty. It is sought by the bill, however, to recover for unpaid minimum wages and unpaid overtime. Certainly, as to these items the suit is not one to recover a penalty. The demurrer does not go to the whole bill and is, therefore, bad. *Russell* v. *State Nat. Bank,* 104 Tenn., 614, 58 S. W., 245. The allowance of the unliquidated damages provided for in section 16(b) is necessarily predicated on the recovery of unpaid minimum wages. A court having jurisdiction of a suit for the unpaid wages would naturally have jurisdiction to allow

the unliquidated damages, for the latter is inseparable from the former, if the damages be sued for.

On November 22, 1940, the Supreme Court of Alabama in the case of *Forsyth* v. *Central Foundry Co.,* 240 Ala. 277, 198 So., 706, sustained the jurisdiction of a local court to entertain an action brought under section 16(b) of the Fair Labor Standards Act, as did, also, the Supreme Court of North Carolina in the case of *Hart* v. *Gregory,* 218 N. C., 184, 10 S. E. (2d), 644, 130 A. L. R., 265. The Court of Appeals of Georgia in *Anderson* v. *Meacham,* 62 Ga. App., 145, 8 S. E. (2d), 459, *certiorari* denied by the Supreme Court of Georgia, May 21, 1940, held to the contrary.

Our conclusion is that the decree of the chancellor overruling the demurrer was without error, and is accordingly affirmed. Appellants will pay the costs of this appeal. This cause is remanded for such further proceedings as may be necessary.