## JULIUS ABROE v. LINDSAY BROS. COMPANY.[1]

October 24, 1941.

No. 32,887.

*Keyes, Pardee, Solether & Carr,* for appellant.
*John A. Goldie* and *Samuel I. Sigal,* for respondent.

HILTON, JUSTICE.

Appeal from a judgment of the municipal court of the city of Minneapolis. The only question presented is whether plaintiff, after receiving $71.32 as unpaid overtime, can by this action recover a like amount as liquidated damages under § 16(b) of the Fair Labor Standards Act of 1938, 52 St. 1060, *et seq.* [29 USCA, § 216(b)]. The lower court directed a verdict for plaintiff.

[1]Reported in 300 N. W. 457.

We are not presented with any question as to whether plaintiff was actually entitled to overtime. A representative of the local Wage and Hour Division on behalf of plaintiff held conversations with defendant which led to an agreement with defendant by which plaintiff was to receive $71.32 as the amount of overtime due on March 3, 1939, when he left defendant's employ. In acknowledging receipt of this amount, plaintiff specifically reserved the following rights:

"It is my understanding that by signing this receipt I do not forfeit or release my right to sue for such additional amount as may be due under Section 16(b) of the Act."

That section provides that "any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of * * * their unpaid overtime compensation, * * * and in an additional equal amount as liquidated damages."

Point is made by defendant that there never was any violation of § 7 [29 USCA, § 207] in this case because plaintiff never demanded his overtime, nor ever received an outright refusal of payment from defendant. Further, it is claimed that defendant was always in good faith, in fact ignorant of the overtime, and paid the amount thereof when it had been ascertained.

Section 7(a), which defendant claims not to have violated, so far as here material, provides:

"No employer shall * * * employ any of his employees * * * for a workweek longer than forty-four hours * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Plaintiff worked for defendant as janitor and handyman, for which he received $20 per week. His hours were rather irregular because he stayed at the employer's plant. He kept his own record of hours and made no claim for overtime until shortly before leav-

ing defendant's employ, when he mentioned it to one of his superiors. However, in view of the record, there can be no denying that defendant *did employ* plaintiff for a work-week in excess of 44 hours per week without paying him the prescribed overtime compensation. It was for such employment that plaintiff received the $71.32. Nothing except the prohibited employment is required by the act before a violation occurs. Section 16(a) [29 USCA, § 216(a)], which relates to criminal liabilities under the act, requires that the violations be "wilful." Subd. (b) is not so limited. The provision for increased overtime compensation was probably intended by congress to discourage employment in excess of the maximum hours fixed by § 7. Fleming v. Carleton Screw Prod. Co. (D. C.) 37 F. Supp. 754, 758; St. John v. Brown (D. C.) 38 F. Supp. 385, 390. The requirement of demand and refusal of overtime compensation, if read into the act, would be pure interpolation. Those courts which have passed upon these and similar defenses to alleged violations of §§ 6 and 7 have rejected them. Lewis v. Nailling (D. C.) 36 F. Supp. 187; Lefevers v. General E. I. & M. Co. (D. C.) 36 F. Supp. 838; Emerson v. Mary Lincoln Candies, Inc. 173 Misc. 531, 17 N. Y. S. (2d) 851. We share their views.

It is next argued that, although called "liquidated damages," the provision in § 16(b) for double compensation is a penalty which cannot be the basis for a separate action since the statute does not create two liabilities.

According to that section, any employer who has not paid the required overtime pay shall be liable to his employe not only for that amount, but in "an additional equal amount as liquidated damages." Such liquidated damages are made a part of the employer's liability. Further, "action to recover such liability may be maintained in any court of competent jurisdiction." Thus state courts of competent jurisdiction can entertain such actions. Hargrave v. Mid-Continent Petroleum Corp. (D. C.) 36 F. Supp. 233, 234; Forsyth v. Central Foundry Co. 240 Ala. 277, 198 So. 706; Adair v. Traco Division, 192 Ga. 59, 14 S. E. (2d) 466;

Tapp v. Price-Bass Co. 177 Tenn. 189, 147 S. W. (2d) 107. But, like many other liabilities, the liability created by § 16(b) has several parts. The employer who violates § 7 is made liable for the unpaid overtime compensation, for liquidated damages, and for attorneys' fees where action is necessary. Right to the liquidated damages arises automatically with a finding of unpaid overtime compensation. Because of the explicit statement by congress that "an additional equal amount [shall be allowed] as liquidated damages," the courts are given no discretion in deciding whether they should form part of the recovery. Williams v. General Mills, Inc. (D. C.) 39 F. Supp. 849; Magann v. Long's Baggage Transfer Co. Inc. (D. C.) 39 F. Supp. 742; Muldowney v. Seaberg Elev. Co. Inc. (D. C.) 39 F. Supp. 275. Sympathy for the position in which some employers find themselves cannot mitigate the application of a rule which congress has declared mandatory. Thompson v. Daugherty (D. C.) 40 F. Supp. 279; St. John v. Brown (D. C.) 38 F. Supp. 385.

When it was determined in this case that plaintiff had not been paid adequate overtime compensation and the amount was determined, the right to an additional equal amount as liquidated damages accrued. Acceptance by the employe of the former from his employer while specifically reserving the latter certainly did not preclude assertion of this part of the employer's liability. We perceive no reason why rights which are in existence and specifically reserved may not be the subject of a later action. In this respect rights created by statute stand in no different position from any other right.

Judgment affirmed.