Clyde Dennis brought this suit against the Equitable Equipment Company, Inc., and the New Orleans Private Patrol Service, Inc., for $296.61 as wages, plus an equal amount as liquidated damages together with interest and attorneys' fees in the sum of $200. His claim is based upon *Page 399 
the provisions of the Fair Labor Standards Act of 1938, commonly called Wages and Hours Act, Act of June 25, 1938, Public Act No. 718, Chapter 676, 75th Congress, 3d Session, 52 Statutes at Large 1060-1069, 29 U.S.C.A. §§ 201-219.
In his petition Dennis alleged that both defendants are engaged in business which involves "merchandise used and shipped, and intended for use and shipment, in interstate commerce, requiring and affecting the use of railroad facilities, and other means of transportation, used for the shipment of merchandise moving through interstate commerce, as well as the protection and supervision of such interstate shipments"; that he was employed as a watchman and general utility man in and around the yards of the Equitable Equipment Company "performing various and sundry duties connected with and affecting interstate shipments by said corporation"; that about October 21, 1938, a few days before the Wages and Hours Law became effective, he was notified by his employer that thereafter he would receive his pay from the New Orleans Private Patrol Service, Inc., and that regularly thereafter and until he was dismissed on October 5, 1939, he was paid by the patrol service, though he continued to perform the identical services which he had previously rendered as an employee of the Equipment Company and that, therefore, he was, at all times during his employment by either of the defendants, engaged in interstate commerce and entitled to the benefits of the Fair Labor Standards Act; that according to the terms of the Wages and Hours Law he was entitled to receive 25 cents per hour for the first 44 hours each week and 37 1/2 cents per hour for all overtime; that he should have been paid at the rate of 25 cents per hour for 2,129 3/4 hours or $532.36, plus 37 1/2 cents per hour for 1,450 4/7 hours overtime or $543.96, a total of $1,076.32, whereas he received only $779.71, leaving a net balance due him of $296.61, plus a similar amount as liquidated damages and interest and reasonable attorneys' fees, which he fixes at $200, all as provided by the act. It is further alleged that notwithstanding the fact that he was paid during part of his employment by the New Orleans Private Patrol Service, he was, as a matter of fact, at all times in the employ of the Equitable Equipment Company, Inc., his transfer to the pay roll of the patrol service being merely an act "on the part of the said defendant to avoid the provisions of the said Fair Labor Standards Act". The prayer of the petition is for a judgment in solido against both defendants and, in the alternative, against either that the court may conclude to be liable.
To this petition exceptions of no cause of action were filed by both defendants which were overruled. The defendants then filed separate answers. The Equitable Equipment Company admitted that the plaintiff was employed by it as a watchman until October, 1938, when it contracted with the New Orleans Private Patrol Service, Inc., for watchman service on a fee basis, stipulating for a flat monthly payment and that it requested the patrol service to retain the services of plaintiff though it was under no obligation to do so, being actuated by the belief that plaintiff, who was physically handicapped, might have trouble in obtaining another position.
The New Orleans Private Patrol Service, Inc., in its answer denied liability. It averred that Dennis was employed on October 19, 1938 and discharged, for cause, on October 5, 1939; that it is a corporation operating a service establishment within the meaning of the exemption mentioned in the Fair Labor Standards Act, Section 213, which declares that the provisions of Sections 206 and 207 providing for minimum wages and maximum hours do not apply to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce". The answer also challenges the constitutionality of the Fair Labor Standards Act upon the ground that it violates the Constitution of the United States, Amendment 14, in that it deprives "respondent of his property without due process of law" and also because it is in violation of the Tenth Amendment of the Constitution of the United States with respect to the reserved powers of the State.
There was judgment below dismissing plaintiff's suit and he has appealed.
The learned judge, a quo, was of the opinion that the state courts had no jurisdiction of controversies of this character, though in his elaborate written reasons for judgment he also states that the plaintiff has failed to make out his case with legal certainty. Nowhere in the pleadings do we find any plea to the jurisdiction, nevertheless, since the question was raised, sua sponte, by the court below and is argued in the brief of counsel, we will notice it. Objections to jurisdiction need *Page 400 
not be specially pleaded. General Motors Truck Company v. Caddo Transfer W. Company, Inc., La.App. 1937, 172 So. 178; Rockefeller v. Eggleston, La.App., 177 So. 124, 125; Lopez v. Bertel, La.App., 198 So. 185. The argument is to the effect that the state courts do not have jurisdiction because of the provision in the act allowing liquidated damages in an amount equal to the wages due which constitutes a penalty arising under the laws of the United States, the enforcement of which is restricted to the federal courts under Section 256 of the Judicial Code, Revised Statutes, Section 711 (1875), as amended, 28 U.S.C.A. § 371.
This point has been considered by both state and federal courts and has been almost universally found to be without merit because, in the first place, the provisions of the act especially authorizing the employee to bring his suit "in any court of competent jurisdiction" includes both the state and federal courts and because further the provision for the double indemnity did not constitute a penalty within the meaning of the appropriate provisions of the United State Code because the act itself calls it liquidated damages and not a penalty. In the words of Mr. Justice Cardozo when sitting as a member of the New York Court of Appeals, referring to the seaman act which contains a similar provision, "the Appellate Division found the present suit to be one for a penalty or forfeiture within the meaning of this statute. We do not so regard it. Congress has expressly said that the extra compensation, when due, `shall be recoverable as wages.' This would seem decisive, without more, that in determining the bounds of jurisdiction it is not to be classified as a penalty. There was no thought that the state courts, which have undoubted jurisdiction to give judgment for wages in the strict sense, should be shorn of jurisdiction to give judgment for the statutory incidents". Cox v. Lykes Bros., 237 N.Y. 376, 143 N.E. 226, 227. Our conclusion is that we have jurisdiction. Forsyth v. Central Foundry Company, 240 Ala. 277, 198 So. 706; Adair v. Traco Division, 192 Ga. 59, 14 S.E.2d 466; Hart v. Gregory, 218 N.C. 184, 10 S.E.2d 644, 130 A.L.R. 265; Hargrave v. Mid-Continent Petroleum Corporation et al., D.C.Okla., 36 F. Supp. 233; Tapp v. Price-Bass Company, 177 Tenn. 189, 147 S.W.2d 107.
The Equitable Equipment Company is said to be liable to plaintiff because, it is argued, this company is, in effect, his employer regardless of the substitution of the Patrol Service Company which, it is maintained, was a subterfuge resorted to merely for the purpose of avoiding the effects of the Wages and Hours Law. It seems very likely that the Equitable Equipment Company transferred plaintiff from its pay roll to that of the patrol service because of the effect of the statute upon his compensation, but we find no fraud in the transaction and believe it to have been bona fide, that is to say, the patrol service company was employed for a consideration to furnish the equipment company with the services of watchmen. Moreover, it appears that for several years prior to the transfer of plaintiff from the pay roll of the equipment company to that of the service company, the equipment company had an arrangement with the patrol company whereby it furnished it with other watchmen. It is clear, we believe, that, at the time that the act went into effect, the plaintiff was the employee of the patrol company and not of the equipment company. It follows that the Equitable Equipment Company, Inc., must be dismissed from the case. See Bowman v. Pace Company, 5 Cir., 119 F.2d 858.
Does the patrol company come within the exemption mentioned in the Fair Labor Standards Act? It will be remembered that this exemption covers the employee "engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce". Although the answer of the patrol company, as well as the brief of its counsel, states that it is a purely local concern wholly engaged in intrastate commerce, there is absolutely no proof to that effect in the record. The question of whether it is a service establishment within the meaning of Section 213 (a) (2) is not as easy of determination as it would appear. Fleming v. A.B. Kirschbaum Company, 3 Cir., 124 F.2d 567; Wood v. Central Sand Gravel Company, D.C.Tenn., 33 F. Supp. 40. It has been held by the Wages-Hours Division of the Labor Department that a firm furnishing "watchmen, guards and detective supply" is not a "service establishment" within the meaning of the exemption. Volume 1 Prentice Hall Labor Service 10,760.13; Vol. 2, C.C.H. Labor Law Service, Par. 32, 106.
So far as the attack upon the constitutionality of the act it is only appropriate for consideration in the event *Page 401 
that we should determine that the act applies to this defendant. For example, if the patrol company is a service establishment within the meaning of the act, then it would automatically he exempt from its provisions and any question of its constitutionality would be moot. Under familiar principles of practice it devolves upon the defendant claiming immunity from the general provisions of the statute to establish such facts as would demonstrate that it is within the exemption. It is also incumbent upon plaintiff to show that he comes within the protection of the act and is entitled to the additional wages claimed and he has not done so to our satisfaction. Counsel representing all parties in interest admitted during the argument that the Equitable Equipment Company was engaged in interstate commerce and that, while Dennis was in their employ, he was engaged as a watchman protecting that commerce and that his occupation was identically the same when employed by the New Orleans Private Patrol Service, Inc. They have also admitted that the New Orleans Private Patrol Service, Inc., was wholly engaged in intrastate commerce, however, we find no stipulation to that effect in the record and no evidence to support either admission.
Under the general provisions of the Wages and Hours Act the test of its application is the occupation of the employee and not that of the employer. Under the exemption in favor of service establishments the test is whether the employer is, for the most part, engaged in intrastate business. It is upon the determination of these facts that this case depends. They cannot be deduced from the evidence in the record and we cannot accept informal statements of counsel. Under the circumstances, it is our opinion, that this is a case which, in the interest of justice, should be remanded to the district court for the purpose of administering evidence concerning the nature of the business of the New Orleans Private Patrol Service, Inc., and the character of the plaintiff's occupation with respect to interstate commerce and the hours of labor.
For the reasons assigned the judgment appealed from in so far as it dismisses plaintiff's suit against the Equitable Equipment Company, Inc., is concerned, it is affirmed; in all other respects it is annulled, avoided and reversed and it is now ordered that this cause be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.
Affirmed in part; reversed and remanded in part.
JANVIER, J., absent, takes no part.