The facts in this case as found by Judge JANVIER are as follows:
"Plaintiff, on October 21st, 1942, filed this suit against Mrs. C.B. Love under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A. Sec. 901 et seq. (appendix) and the Maximum Rent Control Regulation #45 issued under the said Act by the Price Control Administrator. Plaintiff alleges that on the 22nd of September, 1942, defendant leased to him certain living quarters to be used by himself and his wife, known as Apartment #15 of the Roserita Apartments, situated at 3218 St. Charles Avenue in New Orleans, and that he and his wife commenced to occupy the said apartment on that date and paid rent therefor amounting to $42.50 for the month terminating October 21st, 1942.
"Petitioner also alleges that he is informed and believes that on March 1st, 1942, the same apartment had been rented by the said defendant to another tenant at the rate of $35.00 per month; that the said apartment is situated in the New Orleans Defense Rental Area as provided by Regulation #45, issued under the authority of the Emergency Price Control Act of 1942 (Public Law 421 of the 77th Congress) and that, since under the said regulation the said owner was prohibited from charging for the said apartment rent at a rate in excess of that at which the apartment was rented on March 1st, 1942, defendant has violated the said regulation and the said statute under which it was issued and has thus made herself liable to plaintiff for either three times the damage sustained or $50.00, which ever is greater and that, consequently, defendant is liable to him in the sum of $50.00 together with a reasonable attorney's fee and costs.
"Defendant filed an exception to the jurisdiction of the court ratione materiae and further exceptions in which she made the following charge:
"`That the Act and the orders under said Act relied upon by the Plaintiff is in violation of Clause 3, Section 9, Article I of the United States Constitution, in violation of Amendment 5 of the United States Constitution, and in violation of Amendment 14 of the United States Constitution.'
"Defendant also filed an answer in which she admitted the ownership of the apartment in question and that it had been leased to plaintiff and was being occupied by him and his wife as alleged, and that the monthly rental stipulated for was $42.50. Defendant denied that the monthly rent charged for the apartment on March 1st, 1942, was $35.00 and denied that the charge made to plaintiff was in violation of the Emergency Price Control Act or of Regulation 45 issued thereunder, and averred `that Emergency Price Control Act of 1942, and all orders thereunder, are unconstitutional and in violation of the United States Constitution, and particularly of Clause 3, Section 9, Article I thereof, as well as Amendment 5 thereof, and as well as Amendment 14 thereof.'
"The plea to the jurisdiction and the exception were both overruled and, after a trial on the merits, there was judgment for plaintiff for $50.00 damages and for an attorney's fee which the Court fixed at $25.00 and for costs. Defendant has appealed and plaintiff has answered the appeal asking that the amount allowed as an attorney's fee be increased to $100.00.
"Since the amount in dispute is less than $100.00, when the appeal was lodged in this Court the matter was assigned for trial de novo before only one member of the Court. When it came up for trial before me I realized that the legal questions involved are of great general interest and importance and concluded it to be advisable that the decision on those legal questions be made by the court en banc. Accordingly, I concluded to refer those legal questions to the entire court but to hear the evidence myself and to make a finding of fact on which the Court might base its opinion on the questions of law. *Page 726 
"The case was submitted on the pleadings and on certain exhibits which had been offered in the First City Court, and on a stipulation as to what Mrs. Love, the defendant, would have testified to had she been present.
"The answer admits that plaintiff was charged $42.50 for the month during which he and his wife occupied the apartment, and the exhibits are receipts showing that during the month of March, 1942, the former tenant paid only $35.00 for the use of the same apartment. Objection was made to these exhibits on the ground that they are inadmissible as not being the best evidence and because, cross-examination is not possible and also because of alleged erasures and alterations. It was not possible to place on the stand the former tenant to whom these receipts had been issued, because of the fact that he is in the Military Service of the United States and was absent from the City of New Orleans and could not be brought here, but the exhibits show plainly that the rent charged for several months prior to the time during which plaintiff occupied the apartment was $35.00 per month, and, in view of the fact that it is obvious that the principal defense is a legal one and that there is no serious denial of the fact that as of March 1st, 1942, the rent charged for the apartment was $35.00, I find, as a fact, that that was the amount of rent charged on that day and that, therefore, plaintiff was charged $7.50 more for the apartment than was permitted by the law and the regulations to which I have already referred.
"As I have said, Mrs. Love did not testify, it being stipulated that because of illness she could not appear in Court, but counsel agreed that if she had appeared she would have testified that on January 1, 1942, she had made a general raise of rents throughout the apartment building of apartments that were not under written lease, and that she would also have testified that there was posted in the office a notice to the effect that no receipts would be recognized unless signed by her, and that she would also testify that if those persons who occupied the apartment on March 1st, had paid only $35.00 per month, that that charge was made in error by her sister, Miss Coulon.
"There was no corroboration of the statements which would have been made by Mrs. Love and it is unbelievable that she had made a general raise in rent, and had posted a notice that no receipts except those issued by herself would be recognized. All receipts issued seem to have been signed by Miss Coulon and no rent was raised on January 1st, so far as the record shows. I do not believe that any such order was issued. I believe that Miss Coulon, defendant's sister, was in full charge of the apartments and that defendant cannot now be heard to say that the fact that only $35.00 per month was paid on March 1st, 1942, for this apartment, was the result of error on the part of her sister.
"There is one further fact that has not yet been mentioned and that is that no application was made to the Rent Administrator for the right to make a change in the rent charged for the apartment."
The legal issues involved here are identical with those presented and decided by us this day in the matter entitled Whatley v. Love, 13 So.2d 719; accordingly,
For the reasons therein set forth the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McCALEB, J., concurs.