65 So.2d 506

**BAGGETT TRANSP. CO., Inc. v. LOCAL NO. 261, UNITED WHOLESALE AND WAREHOUSE EMPLOYEES UNION et al.**

6 Div. 473.

Supreme Court of Alabama.

May 14, 1953.

Lange, Simpson, Robinson & Somerville and Wm. L. Clark, all of Birmingham, for appellant.

Cooper, Mitch & Black, Birmingham, and Poole, Pearce & Hall, Atlanta, Ga., for appellees.

MERRILL, Justice.

This case originated in the Circuit Court, in Equity, of Jefferson County, and comes to this Court on an appeal from a decree dissolving certain provisions of a permanent injunction.

The appellant (complainant) filed an original bill of complaint on September 9, 1950, in which the appellee and others were named as respondents.

Local No. 612, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated association, is the only one of the respondents involved on this appeal, the permanent injunction decree hereinafter referred to having been modified on the motion of and with respect to said respondent.

The bill of complaint as originally filed did not pray for a temporary restraining order. On account of developments after the filing of the original bill of complaint, the same was amended on September 14, 1950, and a temporary restraining order prayed for. A decree was entered on September 15, 1950, temporarily restraining all parties from exercising any violence or making any threats of violence. The cause was set for hearing on September 18, 1950 on application for a temporary injunction. A second amendment to the bill of complaint was filed on September 15, 1950, and was before the court at the time of the hearing of the application for a temporary injunction.

Following the hearing on application for temporary injunction, the court entered a decree containing the following provisions:

"1. The temporary order heretofore issued by this court on the 15th day of September, 1950, restraining all of the parties hereto separately and severally from the exercise of violence, or threats of violence, against the other in connection with this suit, be and the same is hereby continued in full force and effect under the separate bonds executed and filed therein, until further orders of this court.

"2. The respondents their agents, servants and employees are hereby separately and severally enjoined from coercing, picketing, or threatening to coerce or picket customers of complainant or other persons, firms or corporations for doing business with the complainant in this cause.

"3. That respondents, their agents, servants and employees are hereby separately and severally enjoined from

picketing complainant's places of business wheresoever situated in the State of Alabama.

"4. That respondents, their agents, servants or employees, are hereby separately and severally enjoined from the exercise of coercion, intimidation, or the use of force or threats of force, against complainant's employees wherever engaged in the State of Alabama."

A motion to modify the temporary injunction decree was filed on behalf of the appellee and certain of the respondents. Said motion to modify was denied by a decree entered on November 3, 1950.

On November 1, 1950, the court entered a decree dissolving the temporary injunction as to certain respondents.

On May 24, 1951, by consent of all parties, the court entered a final decree dismissing the bill of complaint as to certain of the respondents and perpetually enjoining certain of the respondents, including the appellee, from: "(a) coercing, picketing, or threatening to coerce or picket customers of complainant or other persons, firms or corporations, for doing business with the complainant in this cause; (b) picketing complainant's places of business wheresoever situated in the State of Alabama; (c) the exercise of coercion, intimidation, or the use of force, or threats of force, against complainant's employees wherever engaged in the State of Alabama." This decree was based, at least in part, upon proven acts of violence and bloodshed.

On June 17, 1952, appellees filed a motion to modify the final decree of May 24, 1951. Said motion to modify was heard by the court on July 14, 1952.

On August 21, 1952, a decree modifying the permanent injunction was entered.

On September 12, 1952, the trial court entered a decree reinstating the injunction pending appeal.

The appellant states that the only questions presented on this appeal relate to the decree of August 21, 1952 and involve the following:

"1. Did the trial court err in dissolving the provisions of the permanent injunction granted by decree of said court on May 24, 1951 enjoining the respondent (appellee) from picketing customers of complainant (appellant) or other persons for doing business with the complainant (appellant)?

"2. Did the trial court err in dissolving the provisions of the permanent injunction granted by decree of said court on May 24, 1951 enjoining the respondent (appellee) from picketing complainant's (appellant's) places of business in the State of Alabama."

The appellee says "the sole question with which this court is now concerned may be stated as follows: 'Did the trial court, sitting in equity, abuse its judicial discretion in suspending, subject to summary reinstatement, limited provisions of a blanket injunction in effect for nearly two years prior to said suspension'."

It is clear from the evidence that the appellee desires the right to picket Baggett Transportation Company or its customers in order to get a contract for a union shop. The evidence also shows that a majority of the over-the-road drivers at Baggett's did not desire to join a union at the time of the modification hearing. There were forty-seven or more over-the-road drivers who were not lease operators. A few days before the application for a modification of the decree, twenty-five of these drivers had signed application for union membership. However, at a meeting held prior to the date of the modification hearing, at which forty over-the-road drivers were present, they, by secret vote, voted thirty to ten against joining the union, and they had made an agreement that the wishes of the majority would bind all of them so far as union membership was concerned.

The decree of the trial court reflects much study and careful consideration and a thorough understanding of this matter, and the decree will be set out by the reporter. The two cases cited in the decree, Ex parte Myers, 246 Ala. 460, 21 So.2d 113, and Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 557, 85 L.Ed. 836, are authorities for modifying "a permanent injunction".

The following is quoted from the Meadowmoor case, in which the Supreme Court of the United States upheld a decision of the Supreme Court of Illinois, sustaining a permanent injunction against a union enjoining all picketing:

"The injunction which we sustain is 'permanent' only for the temporary period for which it may last. It is justified only by the violence that induced it and only so long as it counteracts a continuing intimidation. Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted."

■ Appellant, Baggett Transportation Company, is both a common carrier engaged in interstate and intrastate commerce and a contract carrier engaged in interstate and intrastate commerce, and operates its business under certificates issued by the Alabama Public Service Commission and the Interstate Commerce Commission. It thus comes within the purview of 29 U.S.C.A. § 141 et seq., Labor Management Relations Act, 1947. In the case of Forsyth v. Central Foundry Co., 240 Ala. 277, 198 So. 706, 710, this Court said: "The laws of the United States are as much a part of the law of Alabama as its own local laws."

■ There was no actual picketing of the customers of appellee, but it was undisputed that there had been threats to picket appellant's customers prior to the granting of the original injunction, and it was also undisputed that it was still being contemplated in 1952. This threatened picketing for the purpose of compelling one to cease doing business with the employer of non-union employees is a secondary boycott and should be enjoined. Kinard Construction Co. v. Building Trades Council,[1] 64 So. 2d 400; Montgomery Building and Construction Trades Council v. Ledbetter Erection Co., 256 Ala. 678, 57 So.2d 112; 29 U.S.C.A. § 158(b) (4).

■ We think it is generally conceded that peaceful picketing is not to be enjoined in this State unless it is done in an unlawful manner or for an unlawful purpose. Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Hotel & Restaurant Employees, International Alliance v. Greenwood, 249 Ala. 265, 30 S.2d 696; Gibony v. Empire Storage Co., 336 U.S. 490, 69 S.Ct. 684, 93 L.Ed. 834; Building Service Employees International Union, v. Gazzam, 339 U.S. 532, 70 S.Ct. 784, 94 L.Ed. 1045. Picketing is not beyond the control of a state if the manner in which picketing is conducted or the purpose which it seems to effectuate gives ground for its disallowance. Hughes v. Superior Court, 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985.

■ For the reasons above stated, section one of the decree of the circuit court, in equity, dated 21st of August, 1952, is hereby modified to read as follows:

1. The provisions of the final decree rendered on the 24th day of May, 1951, prohibiting the respondent from picketing complainant's place or places of business in the State of Alabama are hereby suspended and made inoperative so long as such picketing is done in a lawful manner and for a lawful purpose.

■ That part of section 1 of the modifying decree relating to the picketing of complainant's customers or persons doing business with complainant was stricken because it is our understanding that complainant is engaged in commerce within the meaning of the National Labor Relations Act and the parties are therefore governed by the Labor Management Relations Act, 1947, the Kinard case, supra, and the Ledbetter case, supra.

As thus modified, the decree of the trial court is affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

---

1. 258 Ala.Sup. 500.