6463.   GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.*
OVERSTREET.

BROYLES, J.   1. The court did not err in overruling the demurrer to the petition.

2. Upon the trial of this case, which was a suit to recover damages for the homicide of an unmarried son upon whom the plaintiff alleged she was dependent for support, it was error for the court, over timely and appropriate objection by the defendant's counsel, to allow a witness for the plaintiff to testify that the money contributed by the deceased "was necessary for the support" of the plaintiff's family, and that the plaintiff "was dependent" for her support upon such contribution of the deceased. It was also error to allow another witness to testify that the plaintiff, in 1912, was "dependent, in whole or in part," for her support and maintenance upon the deceased. This testimony was necessarily the conclusion of the witnesses, and answered a question which should have been determined by the jury, and not by the witnesses. The witnesses should have been allowed to give all the facts, if any, tending to show the dependency of the plaintiff for her support upon the deceased; but it was for the jury to say, from a consideration of those facts, whether or not she was so dependent.

3. The court erred in refusing to allow the conductor of the train upon which the deceased was a passenger when he met his death to answer the following question: "State whether or not a man can with safety, even on a straight track, with a train running thirty or forty miles an hour, go from one car to another on a straight track, when he is crossing with a satchel, suitcase, and two overcoats over his arm." The conductor had qualified as an expert witness as to the running and moving of passenger-trains, and the question asked him was pertinent and applicable to the facts in the case.

4. It was error for the court to refuse to comply with requests to give to the jury the following legal and applicable instructions, which were not covered by the charge given:

(a) "I charge you that if you believe that the railway company and its agents were negligent and that the deceased was also negligent, you shall diminish the damages in proportion to the amount of default attributable to him, in the event that you find for the plaintiff at all."

(b) "I charge you that if you believe the defendant was negligent, and that the deceased was equally negligent, then the plaintiff could not recover at all."

(c) "I charge you that if the plaintiff recover at all, she must recover upon the allegations of her petition."

5. The following instructions by the court were erroneous:

(a) "If you believe in this case, by a preponderance of the evidence, that the deceased, Mr. William Overstreet, was a passenger upon the defendant company's train, passenger-train of the Georgia Southern & Florida Railway Company, and, while such passenger, he received an injury which caused his death, or if you believe he was a passenger upon this

train, and that while a passenger upon this train he met death while a passenger, by some act of the employees or agents of the train, the law would presume that the railroad company was negligent." The vice in this charge was that it practically instructed the jury that if the deceased, while a passenger on the train, received an injury which caused his death, the presumption of negligence would arise against the company, whether or not the injury was received as a result of the running of the train, or from some act of an agent or employee of the company, or from any other cause.

(*b*) "The court gives you another rule of law, and that is, if the passenger upon this train· on this occasion, Mr. William Overstreet, undertook to do a thing upon the train which was obviously dangerous, and that was the cause of his death, then the railroad company would not be responsible for that, and your verdict should be for the defendant company." The error in this charge is that it expressed an opinion that the deceased was a passenger upon the train.

(*c*) "The presumption of law is against the defendant, if you find that the deceased was a passenger and was hurt while a passenger upon that train. You have heard all of the testimony with reference to whether or not this question of negligence has been rebutted. You have also heard the rules of law I have given you. It ·is a question finally for you to say whether or not this presumption of negligence in this case has been rebutted, remembering that the rule of law with reference to railroad companies and passengers is, they are to exercise extraordinary care and diligence for the safety of their passengers." This charge was erroneous because it expressed an opinion that the presumption of negligence had arisen against the defendant in this case; and because the presumption of negligence in such a case arises only when the injury to the passenger is due to some act of the agents or employees of the defendant company, or to the running of its trains.

(*d*) "If she (the plaintiff) was dependent upon him in whole or in part, and she is entitled to recover at all, she will be entitled to recover the full value of· the life of the deceased, William Overstreet." The vice in this excerpt is that it takes away from the consideration of the jury the defense of contributory negligence. The court should have qualified this charge by further instructing the jury that if they found that the plaintiff's deceased son was guilty· of contributory negligence, then the plaintiff would not be entitled to recover the full value of the life of the deceased, but this amount should be reduced proportionately to the amount of the default attributable to the deceased.

6. The remaining exceptions are either abandoned in the brief of counsel for plaintiff in error, or are not well taken.

7. Some of the errors mentioned above do not require a reversal of the judgment, but are pointed out, so that upon another trial they will not recur.

8. Under the particular facts of this case, it was a question for the jury whether or not any employee or employees of the defendant company directed the deceased passenger to go from one coach of the train to another while the train was in rapid motion, and also whether or not

the danger to the deceased, in attempting to obey this direction, if such direction was given, was so obviously great as to make such an attempt a failure to exercise ordinary care.

9. The evidence authorized a finding for the plaintiff, but, on account of the errors of law already pointed out, a new trial is required.

*Judgment reversed.*

DECIDED FEBRUARY 10, 1916.

Action for damages; from city court of Valdosta—Judge Cranford. February 16, 1915.

*J. E. Hall, Guyton Parks, E. K. Wilcox, Charles J. Bloch,* for plaintiff in error.

*Oliver & Oliver, Patterson & Copeland,* contra.