BRIESENICK, executrix, *et al. v.* DIMOND.

The assignments of error in the petition for certiorari not being such as to justify a grant of that writ, it is dismissed as having been improvidently granted.

No. 5619. FEBRUARY 25, 1928.

Certiorari; from Court of Appeals. 35 *Ga. App.* 669.

Certiorari, 11 C. J. p. 183, n. 51; p. 184, n. 56.

*Conyers & Gowen,* for plaintiffs.

*Krauss & Strong* and *A. H. Crovatt,* for defendant.

PER CURIAM.  The case came to this court on writ of certiorari to the Court of Appeals.  The suit was on a promissory note for $4,700, balance due as purchase-price of land.  The defendant answered, alleging that he had been injured and damaged by reason of false and fraudulent representations made to him by the agent of vendors, and that he had relied upon the truth of such representations.  He prayed that his obligation be abated in the amount of the note sued on, and that the note be canceled and he be "discharged from further liability in the premises."  The jury returned a verdict for the defendant.  The plaintiffs moved for a new trial, which was refused, and they sued out a writ of error to the Court of Appeals.  The judgment of the trial court having been affirmed, the plaintiffs sued out a writ of certiorari in this court.

The case was twice before the Court of Appeals.  *Briesenick* v. *Dimond,* 33 *Ga. App.* 394 (126 S. E. 306); Id., 35 *Ga. App.* 668 (134 S. E. 350).  In the trial court there had been two verdicts in favor of the defendant, both of which had been approved by the judge.  Decision of all the issues raised in the petition for certiorari depend either upon an examination of the entire evidence or upon an examination of the entire charge of the court, to ascertain whether or not the court erred in disconnected portions of the charge.  Two assignments of error complain that the judge failed to instruct the jury as to the measure of damages.  This also depends upon a scrutiny of the evidence, because the general rule requiring such instruction is subject to exception, as in a case where the damages found by the jury were so small as not to be unauthorized by the evidence in any event.  Considering the petition as a whole, it involves an ordinary suit on a note, with a plea in abatement thereof because of false and fraudulent representations inducing the defendant to enter into the contract.  The principles of law are simple, involving nothing new or novel.  This court has repeatedly ruled that to justify the grant of a writ of certiorari the petition must raise an issue of law of gravity and importance, rather than a mere question of practice and evidence.  Under no view of the case do the assignments of error measure up to the requirements repeatedly stated by this court.  *L. & N.*

*R. Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90), and cit. Accordingly, the writ of certiorari having been improvidently granted, the same is            *Dismissed. All the Justices concur.*