19816.   EXCHANGE BANK OF SAVANNAH *v.* PATE.

Decided November 12, 1929.
Adhered to on rehearing, February 25, 1930.

*Lawrence & Abrahams,* for plaintiff.

*McIntire, Walsh & Bernstein,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.)

The allegations of the answer which were demurred to were not vague and indefinite; and, conceding that the defendant should have named "the officers, agents, or employees of the bank corporation to whom the alleged facts were known," and "the time when said facts were known to the said officers, agents, or employees," the failure to sustain the demurrer on this ground was harmless, as the information called for by the demurrer was in the plaintiff's possession and was introduced in evidence on the trial. The transactions involved were handled by the cashier and the discount clerk of the bank. It was through these officers that the "facts were known by the plaintiff bank at the several times the several notes were presented to them for negotiation." "It was within the scope of their business and authority as the representatives of the

bank to make just such transactions as the one in question; and it follows, beyond doubt, that whatever they actually knew with reference to this transaction while engaged in the very act of making it must be chargeable to the bank itself." *Brobston* v. *Penniman,* 97 *Ga.* 527 (2), 529 (25 S. E. 350) ; *Guarantee Company of North America* v. *East Rome Town Company,* 96 *Ga.* 511 (23 S. E. 503, 51 Am. St. R. 150). In *Lessee of Veasey* v. *Graham,* 17 *Ga.* 99 (63 Am. D. 228), the 3d headnote is as follows: "Notice to the cashier of a bank is notice to the bank itself." In *Oconee County Bank* v. *Marshall,* 159 *Ga.* 518 (2) (126 S. E. 369), Justice Hill, citing several cases to support the proposition, announced the same principle. See *Merchants Bank of Macon* v. *Rawls,* 7 *Ga.* 196 (50 Am. D. 394) ; Civil Code (1910), § 3599. In *Singleton* v. *Bank of Monticello,* 113 *Ga.* 532 (2) (38 S. E. 947), Justice Lewis said: "The court below, in our opinion, erred in holding that the knowledge of the cashier as to the illegal use to which Singleton intended to put the money borrowed was not imputable to the bank. It must be borne in mind that the bank was the plaintiff below, seeking to recover upon a contract which was made for it by its cashier. It would be absurd to say that it can take advantage of his act and at the same time repudiate his knowledge of the attendant circumstances." From the rulings in the foregoing cases it is apparent that the overruling of the first ground of the demurrer, if error, was harmless. See also *Fidelity & Deposit Co.* v. *Norwood,* 38 *Ga. App.* 534 (1-b) (144 S. E. 387) ; *Hand Trading Co.* v. *Citizens Bank of Moultrie,* 160 *Ga.* 448 (3) (128 S. E. 65). The 2d ground of the demurrer is without merit, and the court properly overruled this ground.

■ It is alleged that the court erred in admitting certain evidence. Even should we concede that the admission of this evidence was error, under repeated rulings of this court and of the Supreme Court this error is not of such materiality as to require the grant of a new trial, because substantially the same evidence from the same witness was later admitted without objection. *Kiser Co.* v. *Barbre,* 34 *Ga. App.* 448 (129 S. E. 887) ; *Louisville & Nashville Railroad Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6), and cit.

■ The court did not err in directing a verdict for the defendant. The bank sued Mrs. Pate on three notes, two of which were

payable to the Exchange Bank of Savannah, one for $4200, one for $2100; and the other payable to the Exchange Branch Bank for $900. The evidence shows that the $4200 note grew out of a note for $1000 given December 12, 1921, and one for $2000 given January 18, 1922; that these two notes, known as the Goldie Pate notes, were discounted and the proceeds credited on the bank's books to the account of Mrs. Goldie Pate; that these two notes were consolidated with other notes which were discounted by Mr. Pate, making the $4200 note sued on. (Mrs. Goldie Pate and Mrs. Edna R. Pate are the same person.) With the exception of the notes for $1000 and $2000 above referred to, all the other notes signed by Mrs. Pate and payable to the Exchange Bank of Savannah were indorsed by Mr. Pate and placed to his credit on the books of the bank. The evidence, the course of dealing, showed that Mrs. Pate was only a security, and also showed knowledge of the bank that these notes payable to it, indorsed by the husband and credited to his account, were given for his benefit, and that Mrs. Pate was an accommodation maker only. The evidence further shows that at the time the suit was brought there had been $3650 paid on the consolidated notes, embracing the $3000 Goldie Pate notes. The court properly held, that, applying these payments to the oldest items, the balance of the Goldie Pate notes, going into the consolidated note for $4200, Mrs. Pate had fully paid the bank all that she owed on the original Goldie Pate notes, the only ones for which she was liable, and that as to the other notes she was only a surety, and therefore owed the plaintiff nothing.

Judgment affirmed. Broyles, C. J., and Luke, J., concur.