*Fulwood & Fulwood, R. R. Forrester, C. A. Christian,* for defendant.

21759. PYBUS *v.* GOLDSTEIN *et al.*

STEPHENS, J. 1. This being a case in which the plaintiff sought to recover for damage to his automobile as a result of a collision with the automobile of the defendant at an intersecting street, where there was evidence adduced fully describing the location and the manner of the collision between the automobiles, it was not harmful to the plaintiff, even if it could be error, for the court to exclude from evidence a plat or sketch purporting to represent the manner of the collision between the two automobiles.

2. The court did not err in refusing to admit in evidence the answer of a witness who qualified as an expert automobile mechanic and as one who had had experience in observing the speed of automobiles, where the evidence offered was an opinion of the witness as to whether the damage could have been caused had the defendant been negligent as repects speed, etc., in the manner contended by the plaintiff. The answer to this question would have made the witness perform the functions of a juror. *Travelers Ins. Co.* v. *Thornton,* 119 *Ga.* 455 (46 S. E. 678).

3. As the law did not require drivers of these automobiles to slow down to a rate of speed not exceeding ten miles an hour at street crossings, it was not error to refuse a request so to charge. Ga. L. 1927, p. 226; *Shannon* v. *Martin,* 164 *Ga.* 872 (139 S. E. 671, 54 A. L. R. 1246),

4. It does not appear that any of the requests to charge were made before the jury retired to consider the verdict, and therefore there appears no error in the court's refusal to charge as requested.

5. Where a witness in testifying on direct examination was illustrating his testimony by pointing to a plat which was never admitted in evidence, it was not error for the court to refuse a request of examining counsel to permit the witness to step in front of the jury and there give his testimony by illustrating it by the plat. Where, however, the court did permit the witness to do this at the request of counsel examining him on cross-examination, no reversible error is shown where it does not appear that any objection to the court's latter ruling was made at the time.

6. The evidence authorized the verdict for the defendant, and no error of law appears. The court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1932.

ADHERED TO ON REHEARING, OCTOBER 1, 1932.

*Cecil V. Whiddon, C. Mortimer Mason,* for plaintiff.
*E. E. Carter, John W. Crenshaw,* for defendants.