HERRIN *et al. v.* WHITE.

ATKINSON, J. 1. It is provided in rule 2 of this court (153 *Ga.* 890), in relation to the grant of certiorari to a judgment of the Court of Appeals, that "the petition must specify plainly the decision complained of and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to plainly and specifically set forth the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition."

(*a*) The assignments of error in the petition for certiorari do not "plainly and specifically set forth the errors alleged to have been committed by the Court of Appeals."

(*b*) If resort could be had to the grounds of the motion for a new trial to clarify the assignments of error in the petition for certiorari, they would still be indefinite as compared with the decision of the Court of Appeals, expressed in general terms, and would not show questions of gravity and general importance.

2. In these circumstances the case must be dismissed on the ground that the petition for certiorari was improvidently granted. *Louisville & Nashville Railroad Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90) ; *Briesenick* v. *Dimond,* 165 *Ga.* 780 (142 S. E. 118).

*Writ of certiorari dismissed. All the Justices concur, except Russell, C. J., who dissents.*

No. 9444.   FEBRUARY 24, 1934.

*Blalock & Blalock, A. B. Spence, Allen Post,* and *Howell, Heyman & Bolding,* for plaintiffs in error.

*Herbert W. Wilson,* contra.