23157.  TOUNSEL *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA.

SUTTON, J. 1. An action for damages can not be maintained against the State Highway Department on account of the use of improper and defective material in, and the negligent construction of, a bridge over a stream on a State-aid road, by a person injured by the collapsing and falling in of the bridge while it was being constructed by contractors working under the direct supervision of an engineer of the State Highway Department under a contract that provides that "said work shall be done in accordance with the laws of the State of Georgia, under the direct supervision and to the entire satisfaction of the State Highway Department," and that "The decision of the State Highway Department upon any question connected with the execution of this agreement or any failure to delay in the prosecution of the work by said contractor shall be final and conclusive," and the said engineer having knowledge of the improper and defective material used in the construction of the bridge and the negligent construction thereof, without warning the person injured of the hidden danger in the bridge that was being constructed. *Tounsel* v. *State Highway Department of Georgia*, 180 *Ga.*

2. Tounsel brought suit against the State Highway Department in Clarke County, for injuries alleged to have been incurred by him in constructing a bridge over a State-aid road, caused by the collapse of the bridge, due to alleged negligence in construction and to defective materials, while he was in the employ of an engineer building the bridge under contract for the highway department, under its direct supervision and control. The trial judge dismissed the petition on general demurrer, on the ground that the suit could not be brought against the highway department. The plaintiff excepted. Applying the principle above ruled, being the substance of the answer of the Supreme Court to a question certified to that court by this court, the trial judge properly dismissed plaintiff's petition, on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 8, 1935.

*Lamar C. Rucker, Erwin, Erwin & Nix,* for plaintiff.
*B. S. Miller, Carlisle Cobb,* for defendant.

