## ADAIR *v.* THE TRACO DIVISION.

No. 13625. APRIL 17, 1941.

*G. Eugene Ivey* and *Irving S. Nathan,* for plaintiff.

*Hirsch, Smith & Kilpatrick* and *Julian E. Gortatowsky,* for defendant.

*George A. McNulty, Irving J. Levy, George A. Downing, Richard E. Cotton, James H. Shelton,* and *Gerard D. Reilly,* as amici curiæ.

BELL, Justice.   Under the United States Judicial Code. § 256, as amended, U. S. C. A. title 28, § 371, the Federal courts have exclusive jurisdiction "of all suits for penalties and forfeitures incurred under the laws of the United States."   This statute was in force on June 25, 1938, when Congress passed the wage and hour act, sometimes referred to as the "fair labor standards act." Section 16(a) of the latter act made violation of designated provisions a penal offense, and prescribed certain penalties.   In this

connection no court was mentioned. Section 16(b) provided that any person violating the provisions as to minimum wages or as to overtime compensation should be liable for the unpaid minimum wages or overtime compensation, as the case may be, and an additional equal amount "as liquidated damages;" and that "action to recover such liability may be maintained in any court of competent jurisdiction," which in case of recovery may "allow a reasonable attorney's fee to be paid by the defendant." In section 17 of the same act it was declared that the district courts of the United States should have jurisdiction to *restrain* violations. U. S. C. A. title 29, §§ 216(a), 216(b), 217.

The first question propounded by the Court of Appeals calls for determination of whether the foregoing provision as to recovery of an "additional equal amount as liquidated damages" (§ 16(b)) is a provision for recovery of a penalty or forfeiture within the meaning of the previously quoted section of the United States Judicial Code, whereby jurisdiction to recover penalties and forfeitures is vested exclusively in courts of the United States. It is insisted by counsel for the defendant that the term "liquidated damages," as used in section 16(b) is a misnomer, that the additional amount to be recovered is in truth and in fact a penalty, and that the phase "in any court of competent jurisdiction" means a United States court only. On the other side, it is contended that the fact that Congress has itself denominated the extra compensation for which the employer is liable as liquidated damages is decisive, that the term "penalties and forfeitures" as used in the former statute has acquired a definite, narrow, and technical meaning, that actions under section 16(b) are not suits for penalties within the meaning of such statute, and that State courts are courts of "competent jurisdiction" within the meaning of section 16(b). If the contention last referred to be sound, to wit, that State courts are courts of competent jurisdiction within the meaning of section 16(b) of the fair labor standards act, then it becomes immaterial whether or not an action brought against an employer under this section is a suit for such a penalty as is contemplated by the former statute. It was, or would have been, competent for Congress in passing the act of 1938 to provide that an action to recover the liability created thereby might be brought in a State court, even though such be a penalty incurred under the laws of the United

States, because it could repeal its own former statute either in whole or in part, and could do so either expressly or by implication. But we need not and do not rest our conclusion upon any theory of repeal. There are other and more convincing considerations.

It seems to be a principle frequently applied by the Supreme Court of the United States, that, unless Congress specifically restricts jurisdiction to the Federal courts, the State courts, where competent under the State laws, have concurrent jurisdiction of suits of a civil nature arising under Federal laws. Claflin v. Houseman, 93 U. S. 130, 136 (23 L. ed. 833); Robb v. Connolly, 111 U. S. 624, 635-637 (4 Sup. Ct. 544, 28 L. ed. 542); Second Employers Liability Cases, 223 U. S. 1, 56 (32 Sup. Ct. 169, 56 L. ed. 327, 38 L. R. A. (N. S.) 44); Minneapolis & St. Louis R. Co. v. Bombolis, 241 U. S. 211, 221-223 (36 Sup. Ct. 595, 60 L. ed. 961); Grubb v. Public Utilities Commission, 281 U. S. 470 (50 Sup. Ct. 374, 74 L. ed. 972).

It may be significant that the Congress, in declaring what courts shall have jurisdiction to *restrain* violations of the act, stated that "The districts courts of the United States and United States Courts of the Territories and possessions shall have jurisdiction," while in the previous section of the same act, in making violation a criminal offense (§ 16(a)), it mentioned no court, and in dealing with suits for unpaid minimum wages or compensation and an additional equal amount as "liquidated damages" (§ 16(b)) it declared that "Action to recover such liability may be maintained in any court of competent jurisdiction." It is argued, however, that since it is a penalty that is sued for, and Congress had already enacted that suits for penalties and forfeitures incurred under the laws of the United States should be brought only in the courts of the United States, the words "any court of competent jurisdiction" must mean a Federal court only. We can not assent to either branch of this contention. First, as to courts. Before the passage of the act referred to as the fair labor standards act of 1938, the courts had ascribed to the words "any court of competent jurisdiction" a definite meaning, as including within its purview any State or Federal court having jurisdiction of the parties and of the subject-matter. The 420 Mining Co. v. Bullion Mining Co., 9 Nev. 240; Burke v. McDonald, 2 Idaho, 339 (13 Pac. 351); Ex Parte Justis, 3 Okla. Cr. 111 (104 Pac. 933, 25 L. R. A. (N. S.) 483); National

Sash & Door Co. *v.* Continental Casualty Co. (5th Cir.), 37 Fed. 2d, 342. It is fair to assume that in knowledge of this and of the further fact that it had often been determined that it was competent for State courts to entertain suits based on a right given under a Federal law, the Congress, by the use of the expression "any court of competent jurisdiction," intended to include State courts. 59 C. J. 1038, § 616. Next, as to penalty. The act designates the additional equal liability as "liquidated damages." While similar provisions in a *contract* might, under the laws of this State, be construed as a penalty (*Floding* v. *Floding,* 137 *Ga.* 531 (3), 73 S. E. 729; *Tounsel* v. *State Highway Department,* 50 *Ga. App.* 520, 179 S. E. 167; Kothe *v.* R. C. Taylor Trust, 280 U. S. 224, 50 Sup. Ct. 142, 74 L. ed. 382), it must not be forgotten that we are here considering a statute; and the controlling question is, what was the intention of the lawmaking body? As was said by the Supreme Court of Alabama in Forsyth *v.* Central Foundry Co. (Ala.), 198 So. 706: "It may be that this right of recovery is no more in the nature of liquidated damages than the right to recover twice the amount of illegally paid interest to a national bank. It may also be that Congress can not by declaration change the nature of a claim to one for liquidated damages when it is but a penalty. But when Congress does that very thing, though it is but a penalty, Congress manifests an unmistakable purpose to exclude it from the operation of a statute which applies to penalties and not to a claim for liquidated damages."

According to the reasoning in several decisions by the United States Supreme Court, the words "penalties and forfeitures," as used in U. S. Judicial Code, § 256, as amended, U. S. C. A. title 28, § 371, supra, "refer to something imposed in a punitive way for an infraction of a public law, and do not include a liability imposed for the purpose of redressing a private injury, even though the wrongful act be a public offense and punishable as such." Meeker *v.* Lehigh Valley Railroad Co., 236 U. S. 412, 423 (35 Sup. Ct. 328, 59 L. ed. 644, Ann. Cas. 1916B, 691). While the fair labor standards act was professedly designed for the public good as related to interstate commerce, a suit for the "additional equal liability as liquidated damages" is an action to redress a private injury, and the relief sought would; under the decision just cited, be "not punitive but strictly remedial." See also Huntington *v.*

Attrill, 146 U. S. 657 (13 Sup. Ct. 224, 36 L. ed. 1123) ; Chattanooga Foundry & Pipe Works *v.* Atlanta, 203 U. S. 390, 397 (27 Sup. Ct. 65, 51 L. ed. 241). Whether the additional sum recoverable as "liquidated damages" be in fact a penalty though not so called, yet, since it was characterized as liquidated damages by the same lawmaking body which enacted the provision as to exclusive jurisdiction of suits for penalties and forfeitures, we must conclude that it can not be considered as a penalty within the meaning of the statute conferring exclusive jurisdiction upon the Federal courts "of all suits for penalties and forfeitures incurred under the laws of the United States," and that the phrase "any court of competent jurisdiction" would include a State court. For other decisions in which the same conclusion has been reached, see Hart *v.* Gregory, 218 N. C. 184 (10 S. E. 2d, 644, 130 A. L. R. 265) ; Tapp *v.* Price-Bass Co. (Tenn.), 147 S. W. 2d, 107 ; Emerson *v.* Mary Lincoln Candies Inc., 173 Misc. 531 (17 N. Y. Supp. 2d, 851) ; Terner *v.* Glickstein, 283 N. Y. 299 (28 N. E. 2d, 846) ; Stringer *v.* Griffin Grocery Co. (Tex. Civ. App.), 149 S. W. 2d, 158. And see annotation, 130 A. L. R. 272, also articles on this subject in Michigan Law Review for January, 1941, and in 27 Virginia Law Review, 328.

The only decision to the contrary brought to our attention by counsel (and our own investigation has found none other) is the case of *Anderson* v. *Meacham, 62 Ga. App.* 145 (8 S. E. 2d, 459). We are not satisfied with the reasons given by the Court of Appeals for its ruling on this question, nor do the authorities cited by it convince us that the decision is correct. We must decline to follow it, although we denied an application for certiorari in that case. We may say in this connection that denial of an application for certiorari can not be taken as the equivalent of an approval of the decision sought to be reviewed. The constitution, as amended in 1916, declares that it "shall also be competent for the Supreme Court to require, by certiorari or otherwise, any case to be certified to the Supreme Court from the Court of Appeals for review and determination, with the same power and authority as if the case had been carried by writ of error to the Supreme Court." Code, § 2-3005. In *Central of Georgia Railway Co.* v. *Yesbik,* 146 *Ga.* 620 (91 S. E. 873), this court in construing this provision of the constitution held that the authority conferred thereby "should not

be so carelessly exercised as to have the effect of prolonging litigation by converting the Court of Appeals into an intermediate court, so as to burden the docket of this court with cases intended by the constitution, under ordinary circumstances, to be reviewed by the Court of Appeals, and to be controlled by the judgment of that court. Accordingly, great caution will be exercised and the writ issued only in cases involving questions of great public concern and in matters of gravity and importance." The authority was likened unto that exercised by the Supreme Court of the United States, and illustrations were given. In pursuance of such authority, this court has from time to time promulgated certain rules. Rule 52 is as follows: "A review on certiorari is not a matter of right, but of sound judicial discretion. An application for the writ will be granted only in cases involving great public concern, and in matters of gravity and importance. (*Central of Ga. Ry. Co.* v. *Yesbik,* 146 *Ga.* 620)." 187 *Ga.* 843. Compare Rule 38(5) of U..S. Supreme Court, in U. S. C. A., title 38, volume covering §§ 241-370, 1940 Pocket part, pp. 79-80.

Thus, petitions are frequently denied without determining whether the decision of the Court of Appeals was correct, or probably correct. Under our interpretation of the constitution and laws, the decisions of that court were intended to be final, except in a narrow class of cases; and it was not the purpose of the foregoing provision of the constitution to make of the Supreme Court a court for hearing appeals from the Court of Appeals generally. As to most cases, that court is and should be considered as a court of last resort, though technically it is not such. If this had not been the purpose of the constitution, there would have been little need for another court to share the work formerly coming to the Supreme Court. Primarily, as before, this court's jurisdiction is to review certain decisions and judgments of law made by nisi prius judges in certain classes of cases, and the power to entertain applications for certiorari to the Court of Appeals is merely incidental to the other. So, whenever the power is in fact exercised, it is not so much for the benefit of the parties in the particular case, as in aid of the law itself and its administration. Among other rules. which have been adopted are the following: "The petition [for certiorari] must specify plainly [a] the decision complained of, and [b] the alleged errors." Rule 45, 178 *Ga.* xv. "The denial

of a writ of certiorari shall not be taken as an adjudication that the decision or judgment of the Court of Appeals is correct. The writ may have been denied for the want of a sufficient assignment of error in the petition, or for other failure to comply with the rules, or because the case was not considered as one falling within the class which may be reviewed on certiorari." Rule 54, 187 *Ga.* 844.

We denied the petition in *Anderson* v. *Meacham,* supra, for the reason that we thought it did not comply with Rule 45, as to specifying the decision complained of and "the alleged errors." For other illustrations of cases which may or may not be so reviewed, see rule 52, supra.

It follows that the first question propounded should be answered in the negative. As shown in the other questions, answers thereto were not desired unless the first question should be answered in the affirmative.                    *All the Justices concur.*