30507. SOCKWELL *v.* LUCAS & JENKINS INC. *et al.*

DECIDED OCTOBER 25, 1944. REHEARING DENIED NOVEMBER 29, 1944.

766

*G. Seals Aiken,* for plaintiff.

*Marvin G. Russell,* for defendants.

BROYLES, C. J. (After stating the foregoing facts.) Each defendant in its answer having denied that it was guilty of any act of negligence alleged in the petition, the burden was upon the plaintiff to prove one or more of such acts. The plaintiff did show that he sustained injuries to his hand and arm, substantially in the manner set forth in his petition; but, in our opinion, he failed to prove that his injuries were the result of any negligent act of either defendant. On the contrary, we think that the evidence demanded a finding and a verdict for both defendants. The pictures of the swinging door introduced in evidence show that it was a door in common use by moving-picture theatres; and an ordinance of the city was introduced in evidence which stated: "All entrances and exit doors shall open outward and be hung in such a manner as not to obstruct any part of the required width of a doorway, passage, or stairway. The fastenings of these doors shall be such as can readily be opened from the inside at all times without the use of keys or any special knowledge or effort." Another city ordinance introduced in evidence reads: "In every building, except buildings of class D, all required exit doors in the first story, including the doors of vestibules, shall open outwards. This requirement shall not prohibit the use of doors which swing both inwards and outwards." And the building inspector of the city testified that the door in question, so far as he knew, conformed to the city ordinances. This evidence, though objected to, was admissible. "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." Code, § 38-1710.

There was no material conflict in the evidence as to the way the

injuries sued for were inflicted by the plaintiff's hand coming in contact with the swinging door, and there was no evidence authorizing a finding that the injuries were the result of any act of negligence by either of the defendants. In our opinion the evidence demanded a finding that the injuries were caused by an accident for which no one was liable. In Smith *v.* Johnson, 219 Mass. 142 (106 N. E. 604, L. R. A. 1915F, 572, Ann. Cas. 1916D, 1234), the headnote reads: "The proprietor of a retail dry-goods store can not be found to be negligent towards his customers in maintaining at the entrance to the store a swinging door whose hinges permit it to be pushed open in either direction, which is of ordinary construction and substantially like those that have been in general use for many years; and a woman, whose forefinger projected beyond the edge of such a door so that, when another customer passed ahead of her and pushed the door open and it swung back by its natural recoil, her finger was caught between the edge of the door and the door frame and injured, has no cause of action against the proprietor, even if she was in the exercise of due care." And, in the opinion in that case, the court said that the door was made of plate glass with a border of wood at the top, bottom, and sides. The court further said: "As the plaintiff was about to go from the vestibule into the store another person passed ahead of her and pushed the door open. As it swung back she put up her hand to shield her head and glasses, and apparently her forefinger projected beyond the edge of the door and was caught between the edge and the door frame. We are of the opinion that the record discloses no negligence on the part of the defendants. The doors, as described by the testimony and shown by the photographs, were of ordinary construction, and were substantially like those in general and common use for many years in Boston and elsewhere. There was nothing to show that they were not entirely safe when properly used by persons passing through them. If, as the plaintiff's somewhat confused testimony indicates, the ordinary speed of the door was increased by another customer negligently pushing it towards her, the defendants are not responsible therefor. And, assuming in the plaintiff's favor that there was only the usual recoil of the door, the failure to furnish doorkeepers or attendants in no way contributed to the accident. It appears that there was no pushing or jostling by the crowd of Christmas shoppers. In short,

the evidence fails to disclose the breach of any legal duty which the defendants owed to the plaintiff." In that case the trial judge directed a verdict for the defendants, and that judgment was affirmed by the Supreme Court of Massachusetts, and was approved and followed in Buzzell v. White, 220 Mass. 129 (107 N. E. 385).

A special ground of the motion for new trial in the instant case assigns error on the instruction of the court to the jury that they should find a verdict for the defendant Lucas & Jenkins, because the evidence failed to show that such defendant operated or controlled the Palace Theatre. Assuming, but not deciding, that there was some evidence tending to show such operation or control, and that the court erred in instructing the jury otherwise, the error, if any, was harmless, since the evidence demanded a verdict for both defendants.

Under the foregoing rulings and the undisputed facts of the case, the other special grounds of the motion for new trial show no cause for a reversal of the judgment. The authorities cited in behalf of the plaintiff in error are differentiated by their facts from this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*