35656. CORLEY, by Next Friend, *v.* RUSSELL.

418

Decided June 20, 1955—Rehearing denied July 8, 1955.

*P. Walter Jones, H. G. Rawls*, for plaintiff in error.
*Burt & Burt*, contra.

QUILLIAN, J. In this opinion we conveniently refer to the plaintiff in error as "the plaintiff" and to the defendant in error as "the defendant," they having occupied those respective relationships to the case in the trial court.

The only general ground of the motion for new trial insisted upon in this court is that the verdict was without evidence to support it. The ground is without merit, but in reviewing it

the question of whether the evidence demanded a verdict for the defendant is considered. The evidence barely authorized the submission of the case to the jury, but there was some evidence, though meager and weak, that would have supported a verdict for the plaintiff. It was shown that on the occasion when the plaintiff was injured the defendant was driving along a street in the City of Albany. He was traveling 20 to 25 miles per hour on what appeared from the evidence to be a thickly populated section of the city and on a street where the traffic was congested. The evidence showed that automobiles were parked along the street, and at the very instant of the accident the automobile driven by the defendant was meeting a truck and was being followed by a truck.

The plaintiff, a child three and one-half years old, obscured by an automobile standing on the defendant's left side of the street, suddenly darted out in front of the defendant's automobile and was struck down. Unless the defendant was negligent in operating his automobile at too great a speed under the circumstances of the case, the evidence does not indicate any fault on his part. The ordinance of the city fixed the limit at which an automobile could be driven at 30 miles per hour, and provided: "Section 42. Speed Restrictions. (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. (b) Where no special hazard exists the following speed for passenger vehicles shall be lawful, and any speed in excess of such limits shall be unlawful. 2. Thirty miles per hour in any residential district. (d) The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a bridge crest, when traveling upon any narrow roadway or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. (f) The foregoing provisions of this Section shall not be construed to relieve the plaintiff in any civil action from the burden of prov-

ing negligence upon the part of the defendant, as the proximate cause of an accident."

It was a question for the jury as to whether the speed of the defendant's vehicle was under the circumstances excessive. There was evidence as to the extent of the plaintiff's injuries.

■ The first ground of the amended motion for new trial complains that the court erred in excluding testimony of Gordon Stokes, a police officer who the plaintiff contends had qualified as an expert as to the manner and speed that automobiles should be operated, "that, in his opinion, in view of the conditions existing and in view of the situation with reference to the notoriety of children playing in and out about the premises, and the streets and sidewalks where this casualty occurred, any speed in excess of 15 m.p.h., certainly any speed in excess of 20 m.p.h., would be excessive and dangerous."

The plaintiff cites as authority for this position that the evidence should have been admitted, the cases of *Georgia Southern &c. Ry. Co.* v. *Overstreet,* 17 *Ga. App.* 629 (3) (87 S. E. 909), *Atlanta Ry. &c. Co.* v. *Monk,* 118 *Ga.* 449 (45 S. E. 494), and *Sockwell* v. *Lucas & Jenkins, Inc.,* 71 *Ga. App.* 765 (32 S. E. 2d 201).

The holding in the *Overstreet* case is to the effect that the trial court erred in rejecting the testimony of a railroad conductor that it was not safe for a passenger burdened with certain articles to cross an open platform while the train was traveling at a given speed. The case cited is authority for the proposition that an expert witness may testify as to whether a certain act constituted negligence, even though the determination of whether such act was negligent is not dependent upon any question of skill or science.

The case of *Sockwell* v. *Lucas & Jenkins, Inc.,* supra, holds that the testimony of a building inspector that a door complied with a city's building regulations was admissible. It is obvious that evidence could have been introduced plainly showing the condition of the door and the precise wording of the regulations. The conclusion is inescapable that the decision furnishes some precedent for the contention that an expert witness may testify that an act is negligent, even though the facts in reference to such an act might be understood by the jury as well as by the expert.

The holdings of the last two cases referred to are not consistent with those in *Mayor &c. of Milledgeville* v. *Wood*, 114 *Ga.* 370 (2) (40 S. E. 239), in which it is held: "The opinion of a witness is not admissible in evidence when all the facts and circumstances are capable of being clearly detailed and described so that the jurors may be able readily to form correct conclusions therefrom."

The case of *Cone* v. *Davis*, 66 *Ga. App.* 229 (4) (17 S. E. 2d 849), clearly states the rule applicable to the instant case.

There, as here, the question was what was a reasonable speed of an automobile under the circumstances of the case. This court reviewed the holdings of the Supreme Court beginning with *Berry* v. *State*, 10 *Ga.* 511 (15) by which the rule became well established in this State. "It is an elementary principle of the law of evidence that the understanding and opinion of witnesses are not to be received, except in matters of science and a few special cases, resting upon peculiar circumstances."

It is written in the *Cone* case that "Whether the witness be an expert or a non-expert, he can not testify that from the preliminary or evidentiary facts detailed to him, or from the preliminary or evidentiary facts which he knew, the defendant was guilty of any one of the acts of negligence relied on for a recovery. Looking to the nature of the investigation, the ultimate fact of negligence, this is not a proper matter for an opinion of a witness whether he be an expert or a non-expert. Negligence or no negligence was the very issue the jury were impanelled to try."

In *Pybus* v. *Goldstein*, 45 *Ga. App.* 669 (165 S. E. 866), it is held that an expert witness should not be allowed to testify that it was his opinion that the defendant was negligent "as respects speed, etc."

The ground does not show error.

■ Special grounds 2, 3, and 4 of the amended motion for new trial assign error on the admission of evidence. The evidence objected to does not appear to be admissible, but other evidence of the same nature and import was admitted without any objection being interposed or its competency being in any manner challenged. Thus the objections to the evidence were waived, and the grounds are without merit. *Simmons* v. *State*, 34 *Ga. App.* 163 (1) (128 S. E. 690); *Bullard* v. *Metropolitan Life Ins. Co.*, 31 *Ga. App.* 641 (6) (122 S. E. 75); *Exchange Bank of Savannah* v. *Pate*, 41 *Ga. App.* 1 (2) (151 S. E. 823).

■ Ground 5 of the amended motion complains that the court erred in admitting in evidence sections of the traffic code of the City of Albany. It read: "Article 4, Section 59 of the Traffic Code of the City of Albany, reading as follows: Every pedestrian crossing a roadway at any point, other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway."

The objection to the evidence was that it was irrelevant and immaterial, in that it undertook to charge the plaintiff, Marvin Corley, a minor, with negligence, when as a matter of law he was incapable of committing negligence. While the objection did not reveal the age of the child, and under our law not all infants or minors, but only those of tender years are incapable of committing acts of negligence, yet it appeared from the pleadings and evidence that the child was only three and one-half years old, and of course not of such age that he could be held to exercise care.

The evidence was not admissible for the purpose of showing that the plaintiff was required by the ordinance to exercise ordinary care. However, one of the important issues in the case was whether, under the conditions as they existed in the area where the defendant was operating his automobile, he was doing so at a reasonable and safe speed. Indeed, the plaintiff's case is largely predicated upon the insistence that the defendant was not operating his automobile at a reasonable, prudent speed considering the populous surrounding and the traffic conditions on the street. The defendant was presumed to know the traffic ordinances of the city, and the fact of whether or not the place where the plaintiff undertook to cross the street was one at which the defendant would expect people to cross the street would have been relevant to the issue if the plaintiff had been a person capable of violating the ordinance. *Monahan* v. *National Realty Co.*, 4 *Ga. App.* 680 (4) (62 S. E. 127).

But the plaintiff was a child of tender years, not amenable to the mandate of the ordinance that pedestrians, crossing the street other than at marked crosswalks or at intersections, yield the right of way to vehicles upon the street. Accordingly, the ordinance was not admissible on the issue as to whether the defendant was negligent in not anticipating the presence of the plaintiff in

the street. Whether the defendant was negligent as to the class who were governed by the ordinance could not possibly throw any light on whether he was negligent as to the plaintiff. The same reasoning applies to this ground as applies to the assignment of error in ground 7. The principle involved in both assignments of error is identical. The court erred in admitting the ordinance in evidence.

■ Ground 6 of the amended motion complains that the court erroneously charged the jury: "Briefly, gentlemen, the plaintiff in this case contends that the injury was caused solely and proximately by the negligence and recklessness of the defendant, H. Forrest Russell, Jr., in operating his automobile on this occasion at a reckless and unreasonable rate of speed, in violation of a certain ordinance of the City of Albany, and that, being aware that it was customary for the children in the neighborhood to play in and about the street, he failed to keep a proper lookout and discover the presence of plaintiff in his line of traffic, and thereby avoid injuring him."

The plaintiff contends that the charge was misleading to the jury, for the reason that the suit was not predicated upon reckless conduct of the defendant, but upon simple negligence. He insists that the charge led the jury to believe that, in the absence of proof of recklessness on the part of the defendant, even if there was sufficient evidence that he was negligent as charged in the petition, there could be no recovery.

The contention is not entirely without merit. No argument or citation of authority is necessary to sustain the view that "recklessness," which has as its chief ingredient a conscious disregard for the rights of others or one's own safety, is not synonymous with simple negligence, which consists of mere inadvertence or a lack of circumspection.

The defendant insists that the rule of law that slight inaccuracies in stating the contentions of a party are cured by charging the jury that the judge does not undertake to state all of the contentions of the parties, and that they should peruse the pleadings to understand definitely what those contentions are. The defendant cites *Louisville & Nashville R. Co.* v. *Patterson*, 75 *Ga. App.* 1 (2a) (42 S. E. 2d 163), as authority for this position. That case is inapplicable, for in the instant case the court in-

structed the jury that the contentions of the parties were to be found in the original petition, the amendment thereto, and the defendant's answer. The original petition was stricken by the amendment, and the amendment itself substituted in its stead. The original petition, which in these circumstances obviously did not present the plaintiff's contentions, was predicated upon the "recklessness" of the defendant, and prayed punitive damages. The cause of action set out in the amendment was based upon simple negligence alone. The instructions that the jury look to the pleadings to ascertain the contentions of the parties, instead of curing error in the charge complained of, emphasized it. Yet we are constrained to hold that the charge complained of was not reversible error, for the reason that the entire charge fairly and explicitly informed the jury that, if the defendant could have avoided the collision with the plaintiff by the exercise of ordinary care, the failure of the defendant to exercise that degree of care and diligence amounted to negligence, and that, if such negligence was the proximate cause of the plaintiff's injuries, they would be authorized to return a verdict in favor of the plaintiff. The charge contained no allusion to recklessness except that referred to.

We do not think the jury could have been confused by the isolated reference to "recklessness."

■ Ground 7 of the amended motion assigns as error an excerpt from the charge reading: "One who is himself rightfully using the highway or street has a right to the use thereof, which is superior to that of one who is violating traffic regulations, and, in the absence of knowledge, he is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger."

It is elementary law well established that a child three and one-half years old is incapable of violating any law, including a city ordinance.

The instructions complained of in effect instructed the jury that the defendant, if he was rightfully using the street, would have the right of way over the infant plaintiff if the latter violated the law. The charge was error and prejudicial to the plaintiff.

The court elsewhere in the general charge to the jury fully informed them that the plaintiff was of such tender age that he was not capable of violating the ordinance, but did not particu-

larly call attention to the charge above quoted or correct it. It is not the province of the jury to choose between correct and erroneous instructions.

■ The charge complained of in grounds 8 and 9 of the amended motion for new trial, while subject to criticism, were not error for the reasons assigned by the movant.

■ Special ground 10 alleges that the court erred in charging the jury that the defendant could not be charged with negligence in failing to stop his automobile in time to avoid striking the plaintiff, unless it appeared that the "boy" entered the street a sufficient distance from the automobile to permit its being stopped by the defendant, in the exercise of ordinary care, before colliding with the child.

The amended petition, substituted by the plaintiff's amendment, did not charge as the sole acts of negligence that the defendant did not have his automobile under immediate control, or that he failed to keep a lookout ahead of the vehicle, but also alleged that "the defendant was operating said automobile at a rate of speed which was not reasonable and prudent, taking into consideration the location of the operation thereof."

The charge should have been so qualified as to embrace the provision that, in order for the defendant's acts not to constitute negligence, it should appear that he was operating his automobile at a lawful speed.

■ The 11th ground of the motion for a new trial complains that the court charged the jury: "The defendant makes a further contention in this case, namely, that there is a City of Albany ordinance, Section 59 of the traffic code, which reads as follows: Every pedestrian crossing a roadway at any point, other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway. The defendant contends that the plaintiff was crossing the street not at an intersection or at a designated crosswalk. I charge you that the plaintiff, on account of his age, is not, under the law of Georgia, chargeable with negligence or the duty of exercising any care for his own safety. You will thus consider this ordinance, under the evidence, in determining the defendant's conduct, and whether or not he is chargeable with a failure to exercise due care on this occasion."

Had the plaintiff been a person capable of violating the ordinance, it would have been admissible as evidence and the court's charge correct; for then the ordinance would have been illustrative of the fact both that the plaintiff was guilty of negligence which would amount to a failure to exercise ordinary care for his own safety, and that the defendant had a right to expect no one would appear in the street at the place where the collision occurred, there being no crosswalk at that point.

But the child was an infant of tender years, incapable of either violating the ordinance or exercising ordinary care for his own safety.

The ordinance was not illustrative of whether the defendant would expect a child, incapable on account of his tender years of violating the ordinance, to be in the street at the locus of the collision. The charge was error.

The 12th ground of the amended motion for new trial was not error for the reasons assigned by the movant.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*