19091.  RUSSELL *v.* CORLEY, by Next Friend.

CANDLER, Justice.  By his mother as next friend, Marvin Edward Corley, a three and one-half year old child, sued H. Forrest Russell, Jr., for damages.  His petition alleges that the defendant negligently injured him with an automobile while he was crossing a street in the city of Albany. The evidence shows that the plaintiff was struck and injured by the defendant's automobile on North Madison Street at 6:15 p. m. on January 5, 1954, and at a point on that street other than at a marked crosswalk or an unmarked crosswalk at an intersection.  During the trial and over the plaintiff's objection, the court permitted the defendant to place in evidence article 4, section 59 of the Traffic Code of the City of Albany, which reads as follows: "Every pedestrian crossing a roadway at any point, other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway."  During his charge, the judge instructed the jury as follows: "One who is himself rightfully using the highway or street has a right to the use thereof, which is superior to that of one who is violating traffic regulations, and, in the absence of knowledge, he is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger."  The case resulted in a verdict for the defendant.  The plaintiff moved for a new trial on the usual general grounds, and in two of his special grounds complained of the admission of section 59 of Albany's Traffic Code and the above-quoted portion of the court's charge.  His amended motion was denied, and he sued out a writ of error to the Court of Appeals. That court reversed the trial judge, holding that the ordinance should not have been allowed in evidence, and that the charge relating to it was erroneous since the ordinance was improperly admitted in evidence over the plaintiff's objection.  Its rulings were based on the proposition that "the child was an infant of tender years, incapable of either violating the ordinance or exercising ordinary care for his own safety." *Corley v. Russell,* 92 *Ga. App.* 417, 427 (88 S. E. 2d 470).  To review these rulings we granted the writ of certiorari.  *Held:*

1. While we, of course, agree that a person three and one-half years old is not accountable for any act he commits, nevertheless a child of that age is a pedestrian who can violate, but with immunity, an ordinance which requires one when crossing a street, except at designated places, to yield the right of way to all vehicles on the street. In this case it was both relevant and material for the defendant to show that the plaintiff, though a child of tender years, was violating this traffic ordinance at the time he was injured. The evidence shows without dispute that the plaintiff was injured at a point on a street in the City of Albany where all pedestrians are required to yield the right of way to vehicles. While the plaintiff, because of his tender age, was not chargeable with any degree of negligence for his act in violating the ordinance, nevertheless the defendant was entitled to show that the plaintiff was in fact violating the ordinance when his injury was sustained. The defendant on his trial was entitled to any protection from liability which the ordinance afforded him, though no negligence for a violation of it can be imputed to the plaintiff. Because the plaintiff, due to his age, was not expected to exercise ordinary care to prevent an injury to himself, and was not chargeable with negligence for the commission of an act which would otherwise be a negligent one, did not preclude the defendant from bringing forward any competent evidence showing or tending to show that he was at the time of the accident operating his automobile in a lawful manner and that the plaintiff, though a child, was at the same time violating a city traffic ordinance which prohibited him from crossing a street at a designated point. The purpose of the ordinance would be subverted if the regulations prescribed by it should be subjected to exceptions based on judgment of the individual user of the street, and this consideration would be conspicuously applicable in the case of a user whose capability of exercising judgment and caution was affected by immaturity. While the capacity of youth is to be accorded due consideration in matters concerning negligent conduct and criminal responsibility, it is not at all unreasonable or unjust, but imperatively necessary, to hold that an ordinance fixing reasonable rules and regulations for the use of city streets is applicable to all pedestrians, as otherwise motorists would always travel the streets at their peril. Over the objection made thereto, it seems very clear to us that the trial judge properly admitted the ordinance in evidence when it was offered by the defendant; it was, in our opinion, both relevant and material to the issue which the jury was to determine.

2. Since the trial judge properly admitted the ordinance in evidence, there is clearly no merit in the plaintiff's contention that the charge respecting it was erroneous.

3. The application for the writ of certiorari in this case was not improvidently granted. Hence, the motion here made to dismiss the writ is denied.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., and Mobley, J., who dissent.*

ARGUED OCTOBER 10, 1955—DECIDED JANUARY 9, 1956.

*Burt & Burt, W. H. Burt,* for plaintiff in error.

*P. Walter Jones, H. G. Rawls,* contra.

WYATT, P. J., dissenting. 1. I can not agree with the opinion of the majority of the court in this case. The authority for the grant of a writ of certiorari is contained in the Constitution of the State of Georgia, fixing the jurisdiction of the Supreme Court, as contained in Code (Ann.) § 2-3704, which reads as follows: "It shall also be competent for the Supreme Court to require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court." It will be seen that this provision of the Constitution does not require the Supreme Court to grant certiorari in any case, but simply empowers the court to do so in its discretion. This court has, therefore, provided rules governing the grant of certiorari. Rule 52 (Code, Ann. Supp., § 24-4556) provides: "A review on certiorari is not a matter of right, but of sound judicial discretion. An application for the writ will be granted only in cases involving great public concern, and in matters of gravity and importance." Rule 54 (Code, Ann. Supp., § 24-4558) provides: "The denial of a writ of certiorari shall not be taken as an adjudication that the decision or judgment of the Court of Appeals is correct. The writ may have been denied for want of a sufficient assignment of error in the petition, or for other failure to comply with the rules, or because the case was not considered as one falling within the class which may be reviewed on certiorari."

It will readily be seen that it was never intended to destroy the finality of the decisions of the Court of Appeals in so far as cases falling within its jurisdiction are concerned, except in a very restricted class of cases. We think that the time has arrived when attention should be called to what this court has previously said in construing and applying this provision of the Constitution and these rules of this court.

The amendment to the Constitution providing for certiorari was enacted in 1916. Early in the year 1917, in what appears to be the first decision of this court dealing with the question, this court said: "This provision was manifestly intended to vest in this court a comprehensive power, extending to the review of any decision pronounced by the Court of Appeals; but when considered in connection with the whole constitutional scheme of two

reviewing courts, and in the light of the history of the two courts, it is manifest that a careless exercise of the power would defeat the very purpose of the institution of the Court of Appeals. So exercised it would be but the prolongation of litigation by the interposition of an intermediate court, and might burden the dockets of this court with cases which the framers of the constitutional amendment intended ordinarily to terminate in the Court of Appeals. This court, therefore, should be chary of action in respect to certiorari, and should not require by certiorari any case to be certified from the Court of Appeals for review and determination, unless it involves gravity and importance. It was not intended that in every case a complaining party should have more than one right of review." *Central of Georgia Ry. Co.* v. *Yesbik,* 146 *Ga.* 620, 621 (91 S. E. 873).

"Under the *Yesbik* case, supra, the amendment to the Constitution above referred to as to certiorari from the Court of Appeals to the Supreme Court has been construed by a unanimous bench, and our duty is confined to cases which present matters of gravity and importance." *King* v. *State,* 155 *Ga.* 707, 712 (118 S. E. 368).

"Thus the whole controversy became one of fact; and even conceding the law to be as contended by plaintiff, the petition for certiorari was improvidently granted. It failed to assign error on any question of law. No question of gravity or importance is involved in the case as it comes to this court. Only a disputed issue of fact is involved." *Jones* v. *Pacific Fire Ins. Co.,* 159 *Ga.* 248, 252 (125 S. E. 470).

In *Louisville &c. R. Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90), Justice Gilbert speaking for the court quoted with approval from *King* v. *State,* supra, the following: " 'It was not the purpose of the amendment of 1916 to the Constitution, whereby provision was made for the issuance of a writ of certiorari to the Court of Appeals, that such review was conferred upon all litigants as a matter of right. If this had been true, there would be but little reason for the existence of the Court of Appeals; for the losing party in practically every case, if dissatisfied with the judgment of the Court of Appeals, would demand and avail himself of the writ of certiorari, and this court would have to decide cases of which, under the Constitution, the Court of Appeals has exclusive jurisdiction, as well as those in which jurisdiction has been re-

served to the Supreme Court, just as this court did before the creation of the Court of Appeals.' This ruling was concurred in by all of the Justices, and is now binding upon this court." Headnote 1 (c) of this opinion reads in part, "Whether or not the evidence supports the verdict in this case does not present a question of gravity and general importance."

In *Briesenick* v. *Dimond*, 165 *Ga.* 780 (142 S. E. 118) this court said, "This court has repeatedly ruled that to justify the grant of a writ of certiorari the petition must raise an issue of law of gravity and importance, rather than a mere question of practice and evidence."

"It is perfectly clear that these assignments of error do not involve any question of gravity and importance, so as to authorize a decision by this court on the merits. . . The petition . . . alleges only that the decision and various parts of it were unwarranted by the evidence." *Hicks* v. *Louisville &c. R. Co.,* 182 *Ga.* 595, 601 (186 S. E. 662).

In *Adair* v. *Traco Division*, 192 *Ga.* 59, 65 (14 S. E. 2d 466), this court said: "Thus, petitions are frequently denied without determining whether the decision of the Court of Appeals was correct, or probably correct. Under our interpretation of the Constitution and laws, the decisions of that court were intended to be final, except in a narrow class of cases; and it was not the purpose of the foregoing provision of the Constitution to make of the Supreme Court a court for hearing appeals from the Court of Appeals generally. As to most cases, that court is and should be considered as a court of last resort, though technically it is not such. If this had not been the purpose of the Constitution, there would have been little need for another court to share the work formerly coming to the Supreme Court. Primarily, as before, this court's jurisdiction is to review certain decisions and judgments of law made by nisi prius judges in certain classes of cases, and the power to entertain applications for certiorari to the Court of Appeals is merely incidental to the other. So, whenever the power is in fact exercised, it is not so much for the benefit of the parties in the particular case, as in aid of the law itself and its administration."

This court, in *Macon News Printing Co.* v. *Hampton*, 192 *Ga.* 623, 629 (15 S. E. 2d 793), said, "The doctrine of the *Yesbik* case

is predicated on the theory that the Constitution, in giving to this court the power to review the decisions of the Court of Appeals by writ of certiorari, neither intended to burden this court with the arduous task of becoming a reviewing court of all of the decisions of that court nor in this manner to destroy the usefulness of the Court of Appeals as a court of review. It is perhaps true that we have at times failed to apply these principles; but this only constitutes all the more reason why we should, upon occasion such as the present, look back and reassert and reaffirm them."

In *Gulf Life Insurance Co.* v. *McDaniel,* 203 *Ga.* 95 (45 S. E. 2d 64), we said: "This court will not entertain a petition for certiorari, in a personal-injury action to review a decision of the Court of Appeals holding that the evidence authorized the finding of the jury that the relation of master and servant existed between the insurance company and its agent, the driver of the automobile inflicting the fatal injuries upon the plaintiff's husband, when upon a fair construction of its decision the Court of Appeals appears merely to have reviewed evidence and applied the rule well established in decisions of this court and the Court of Appeals for determination of whether an employee is a servant or an independent contractor."

The case now under consideration is simply a damage suit, a class of cases over which the Court of Appeals has exclusive jurisdiction. The first assignment in the petition for certiorari complains that the verdict for the defendant was demanded by the evidence, and, therefore, it matters not whether there was error committed in the trial of the case. As will be seen from the above-cited authorities, this court has repeatedly ruled that certiorari will not be granted when the assignment of error is that the evidence does not authorize the verdict. This assignment is that proposition in reverse. In so far as I have been able to determine, this court has always, when an opinion was written in a certiorari case, said that we will not review the evidence to determine whether or not the verdict is supported by the evidence.

Physical precedents to the contrary exist. As was said by Chief Justice Reid in *Macon News Printing Co.* v. *Hampton,* supra: "It is perhaps true that we have at times failed to apply these principles; but this only constitutes all the more reason why we should, upon occasion such as the present, look back and

reassert and reaffirm them." The ruling here made is certainly proper. In that class of cases over which the Court of Appeals is given exclusive jurisdiction by the Constitution, that court and not the Supreme Court should determine whether a verdict is supported by the evidence, and likewise whether the verdict rendered was demanded by the evidence.

2. The remaining assignments of error complain because the following ordinance of the City of Albany was admitted in evidence: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an unmarked crossway at an intersection, shall yield the right of way to all vehicles upon the roadway." Error is also assigned upon the charge of the court concerning the ordinance, which was in substance that a child such as the plaintiff in the court below was not capable of and could not be guilty of contributory negligence; but that the ordinance could be considered on the question of whether or not the defendant (the motorist) was in the exercise of due care and caution.

Under the circumstances of this case, I do not consider this assignment of error to be of "great public concern and in matters of gravity and importance." As an indication that this is true is the fact that this appears to be the first time either the Court of Appeals or this court has been called upon to determine this precise question, notwithstanding the fact that damage suits of this character have been common since the advent of the automobile. It appears from an examination of the decisions of the courts of last resort of other States that, when this question has been presented, the courts are almost evenly divided on the question. Rarely, if ever, could this exact question arise except in a damage suit within the exclusive jurisdiction of the Court of Appeals. Under all these circumstances, certainly the Court of Appeals, and not this court, should decide the question as to the admissibility of this ordinance. The writ of certiorari in this case should be dismissed.