HENDRY, Chief Judge.
Plaintiff, Louis Kerness, brought this action in the Civil Court of Record against his employer, Austin Burke, Inc., to recover overtime compensation, and an additional equal amount as liquidated damages and attorney’s fees allegedly due under the Fair Labor Standards Act of 1938.[1]
In the complaint, plaintiff alleged that his employer was covered under § 3(s) of the Act.[2] It was further alleged that in violation of said Act plaintiff worked forty-eight hours each week and was paid a salary of $100.00 per week from June 11, 1962 to August 4, 1964 and that notwithstanding the provisions of said Act requiring the defendant to pay one and one-half times the regular hourly rate for work in excess of forty hours each week, the defendant failed and refused to pay said overtime wage to the plaintiff.
The lower court granted defendant’s motion to dismiss the complaint on the ground that it failed to state a cause of action and after affording plaintiff an opportunity to-amend, which was declined, ordered that the complaint be dismissed with prejudice.
The Civil Court of Record is a court of competent jurisdiction in which such an action may be maintained.[3]' Section 7(a) (2) (A) of the Act[4] provides that:
“No employer shall employ any of his employees who in any work week (i) is employed in an enterprise engaged in commerce or in the production of goods, for commerce, as defined in section 3(s) (1) or (4) of the Act, * * * for a work week longer than forty-four hours-during the third year from the effective-date of the Fair Labor Standards Amendments of 1961, [120 days after the date of enactment, May 5, 1961] * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the-regular rate at which he is employed.”
The defendant argues that the mere fact that an employee works overtime does not mean that he has not been paid time and' one-half for his overtime labor, and that the plaintiff must allege what his hourly rate of pay is in order to assert that he was-not paid one and one-half times this rate for overtime hours.
*881 However, the allegation that one receives a weekly salary for a work week longer than the hours permitted under the Act from an employer covered under said Act and that such an employer failed to pay an overtime wage in violation of the Act is sufficient to state a cause of action.[5]
It is immaterial that the regular rate may greatly exceed the statutory minimum rate.[6]
Therefore the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.

. 52 Stat. 1060 et seq. as amended, 29 U.S.C.A. § 201 et seq.

. 29 U.S.C.A. § 203 (s) (1).

. 29 U.S.C.A. § 216(b); Goettel v. Glenn Berry Mfrs., Inc., 236 F.Supp. 884 (N.D. Okla.1964); Adair v. Traco Division, 192 Ga. 59, 14 S.E.24 466 (1941).

.29 U.S.C.A. § 207(a) (2) (A).

. Overnight Motor Transportation Co., Inc. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1941); Goldberg v. Everbest Meat Products, Inc., 199 F.Supp. 533 (S.D.Fla.1961).

. Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 476, 68 S.Ct. 1186, 92 LEd. 1502, 1523 (1947).